KANSAS CITY ex rel. ROB'T NEILL et al., Appellants, v. JOHN B. ASKEW, Respondent.

**Kansas City Court of Appeals, February 1, 1904.**

1. **TAXBILL: Grading: Resolution.** If a published resolution for paving a street does not include a description of the work of bringing the street to grade and the cost of such work is included in the taxbills, the bills are thereby rendered void.

2. **———: Paving Street: Contract: Substituted Material.** A contract called for crushed river gravel. The gravel used was not crushed. *Held*, the taxbills were void.

3. **TRIAL PRACTICE: Peremptory Instruction: Trial Before the Court: Evidence.** In a trial before the court without a jury the defendant asked an instruction that the plaintiff is not entitled to recover. The plaintiff asked no declaration of law. *Held*, the giving of defendant's instruction did not withdraw from the court a consideration of any of the plaintiff's evidence, and the instruction amounted to a finding on the law and the evidence for defendant.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover*, Judge.

AFFIRMED.

*Karnes, New & Krauthoff*, for appellants, submitted lengthy argument.

*Warner, Dean, McLeod & Holden* for respondent.

(1)   At the close of the evidence, the record shows that the case was submitted to the court upon the request made by the defendant for the court to find and declare that under the law and the evidence, the plaintiff was not entitled to recover.   Upon what theory of the law, or upon what view of the facts the trial court proceeded, can not now be ascertained.   Such being the

case, this court and the Supreme Court, have frequently held that there is nothing for review. Ins. Co. v. Stone, 42 Mo. App. 383; Heman v. Gerardi, 96 Mo. App. 231; Riffe v. Railroad, 72 Mo. App. 222; Wheeler v. McDonald, 77 Mo. App. 213; Miller v. Breneke, 83 Mo. 163; Smith v. Dunklin County, 83 Mo. 195; Rice, Stix and Co. v. McClure, 74 Mo. App. 383; Stone v. Spencer, 77 Mo. 356; Sieferer v. St. Louis, 141 Mo. 595; Hubbard v. Fuchs, 164 Mo. 426; Wenzel v. Erath, 48 Mo. App. 476; Sell v. Bretelle, 162 Mo. 373; Warder Co. v. Allen, 63 Mo. App. 456; Ford v. Cameron, 19 Mo. App. 467; Sutter v. Rader, 149 Mo. 297; Wood v. Land, 22 Mo. App. 425; Weilandy v. Lemuel, 47 Mo. 322; Bethune v. Railway, 139 Mo. 574; Wischmeyer v. Richardson, 153 Mo. 556. (2) The resolution did not include and describe the work of bringing Holmes street to the established grade. R. S. 1899, sec. 5989; Carthage v. Badgley, 73 Mo. App. 126; Nevada v. Eddy, 123 Mo. 558; Wheeler v. Poplar Bluff, 149 Mo. 43; Kolkmeyer v. Jefferson City, 75 Mo. App. 678; Springfield v. Weaver, 137 Mo. 668; Knopfi v. Gilsonite Co., 92 Mo. App. 276; Fay v. Reed, 128 Cal. 357, 60 Pac. 527; Ladd v. Spencer, 23 Ore. 193, 31 Pac. 474; In re Central Park, 51 Barb. 304. (3) It is a fundamental principle that the determination of the character and kind of improvement is a legislative function and must be performed by the board of aldermen. This must be done by ordinance, and the contract must follow the ordinance. Galbreath v. Newton, 30 Mo. App. 393; St. Joseph v. Wilshire, 47 Mo. App. 131; Mfg. Co. v. Hamilton, 51 Mo. App. 120; Dunn v. McNeely, 75 Mo. App. 217; Rose v. Trestrail, 62 Mo. App. 352.

ELLISON, J.—This action was brought to enforce a special taxbill against defendant's property in Westport, a city of the fourth class. At the close of the evidence the trial court gave a declaration that the plaintiff was not entitled to recover. By the terms of sec-

tion 5989, Revised Statutes 1899, the city council of Westport was authorized to contract for curbing and paving streets and to make the expense thereof a charge against the abutting property. To do so the council was first required to declare by a published resolution that such work was deemed necessary. If the street to be paved had not been graded to the established city grade, and the council did not deem the general revenue fund of the city in condition to stand that expense, it could make that part of the work also chargeable against the abutting property, by including in the resolution aforesaid a declaration that it deemed the grading necessary to be done, but that the revenue of the city was not in condition to pay for it, *and also including therein a description of the work of bringing the street to the established grade.* Sec. 5988.

In this case the resolution omitted the latter requirement entirely and no description of the work of grading was given. In the recent case of City of Kirksville ex rel. v. Coleman, 77 S. W. 120, we held that to be an essential requisite to the validity of the bill and consequently we must affirm the trial court in the view that the taxbill is void. Fay v. Reed, 128 Cal. 357.

Another ground amply sustaining and upholding the judgment is based on a failure to comply with the following portion of the ordinance and contract, viz.: ".  .  . Upon this base shall be spread a wearing surface of three inches in thickness of crushed river gravel broken to pass through a two and one-half inch ring. The whole to be rolled until it has a smooth even surface with center as high as the tops of the curbs. Each course will be thoroughly wetted before being rolled." The evidence shows that there was substituted for this requirement a gravel taken indiscriminately from the river bed, only a small portion of which was crushed. It was shown that crushing was a substantial consideration in the material to be used. That by crushing, the gravel was left in rough and angular shapes; while un-

crushed, it was small, smooth and round. That in the former condition it would bind and become formed into a solid and practically immovable body; while in the latter condition the gravel or pebbles would fail to stay in place, but would roll and be insecure. So from this, it appears that the ordinance and contract called for a material which should be a crushed material and the city engineer and contractor substituted something substantially different. In so doing they violated the ordinance and rendered the taxbills void. In the case of Galbreath v. Newton, 30 Mo. App. 393, and others reported since, there will be found the reasons for this holding given at length. They may be summed up in the general statement that the determination of material for street improving is a matter of legislative discretion lodged with the council which can not be usurped by a ministerial officer.

But counsel while conceding the strength of the evidence showing that the gravel was not crushed contends that there was evidence sufficient to make an issue of fact as to whether the contract and ordinance meant that substantially all the gravel should be crushed; or that it should be gravel gathered indiscriminately and put through a crusher, so that no piece should be larger than the size mentioned. They contend that the trial court seriously erred when, as is claimed, it peremptorily declared that the finding must be for defendant. The specific claim is that by such declaration, or instruction, the trial court refused consideration of the evidence in behalf of plaintiff's theory. We think this is not a correct view of the trial court's action. The record, as given in plaintiff's abstract, is that at the close of the evidence "the defendant asked an instruction from the court that the plaintiff is not entitled to recover," which the court gave. The plaintiff did not ask any declarations.

The trial being before the court without a jury, the instruction given was no more than an announcement by

the court that, in its opinion, the law and the evidence required a finding for defendant. By such declaration the court did not withdraw from itself a consideration of any part of the evidence. Stone v. Spencer, 77 Mo. 356. It is said in that case that if the issues of fact had been submitted to a jury, the instruction would have been improper, but not so, when submitted to the court.

The foregoing renders it unnecessary to consider several other objections urged against the validity of the taxbill.

The judgment is affirmed. All concur.