## HENRY CROSSETT, Appellant, v. ROBERT FERRILL.

### Division One, February 26, 1908.

1. **EJECTMENT: Part of Plaintiff's Land: Prima-Facie Case: Peremptory Instruction.** Where there was substantial evidence that the thirty-foot strip of ground sued for was a part of plaintiff's land, that made out for him a prima-facie case, and the court sitting as a jury should have passed upon the facts, and refused a peremptory instruction to find for defendant.

2. ———: ———: ———: ———: **Effect of: Limitations.** The giving of a peremptory instruction to find for defendant is, in effect, to withdraw all the other instructions given for both plaintiff and defendant. And where there was substantial evidence tending to prove that the thirty-foot strip of land sued for was a part of plaintiff's land, the giving of a peremptory instruction to find for defendant, even where the case is tried before the court sitting as a jury, is error, although defendant introduced evidence tending to prove that he and those under whom he claimed had been in the exclusive, open and notorious possession of the strip for more than ten years.

Appeal from Clay Circuit Court.—*Hon. J. W. Alexander*, Judge.

REVERSED AND REMANDED.

*Ralph Hughes* and *Martin E. Lawson* for appellant.

When two adjoining proprietors are divided by a fence which they suppose to be the true line, or which is built in ignorance of the true line, each claiming only to the true line, they are not bound by the supposed line, but must conform to the true line when ascertained. St. Louis University v. McCune, 28 Mo. 481; Schad v. Sharp, 95 Mo. 573; Brummell v. Harris, 162 Mo. 397; McCabe v. Buere, 153 Mo. 1; Roecker v. Haperla, 138 Mo. 33. This is especially true, where (as in this case) the adjoining owners ascertaining that the fence is erroneously located, agree to let it remain until they can survey the entire section and get the

lines located correctly. Even if adjoining proprietors agree upon a dividing line, but later, by long .course of conduct disregard it, the court can only enforce the true dividing line. Brummell v. Harris, 162 Mo. 404.

*H. F. Simrall* for respondent.

(1) This case, in the court below, turned upon questions of fact, and the decision of the court below on questions of fact will not be disturbed. The respondent, defendant below, denies that the strip of land in controversy was part of the southwest quarter claimed by appellant, and further claimed that appellant's title, if any, was barred by limitation. There was conflicting testimony upon both these propositions, and the decision of the court below upon these questions of fact must stand. (2) The intent with which Camron held possession of the strip in controversy was a question for the court, sitting as a jury, to determine. His (Camron's) testimony on that subject is, of course, admissible. But it should not be given much weight when contrasted with his acts and conduct while owning said land. (3) The acts of the adjoining owners show an agreement as to the line. Such an agreement may be shown by their acts and conduct. Rockwell v. Adams, 7 Cowen 761; Turner v. Baker, 64 Mo. 243; Blair v. Smith, 16 Mo. 281; Taylor v. Zepp, 14 Mo. 490; Brummell v. Harris, 148 Mo. 442; Schwartzer v. Gebhardt, 157 Mo. 104. (4) Plaintiff is estopped from recovering without regard to the Statute of Limitations. Taylor v. Zepp, 14 Mo. 490; Lindell v. McLaughlin, 30 Mo. 33; Major's Heirs v. Rice, 57 Mo. 389; Battner v. Baker, 108 Mo. 316. (5) The possession of Ferrill and Camron, his predecessor in title, was adverse, regardless of what Camron says now. His acts show that he claimed to the fence. Major's Heirs v. Rice, 57 Mo. 316.

209 Sup—45

WOODSON, J.—This is a suit in ejectment, instituted by the plaintiff, in the circuit court of Clay county, against the defendant, to recover a strip of land thirty feet wide off of the south side of the southwest quarter of the northeast quarter of section five, township fifty-two, range thirty, of said county.

The petition was in the usual form, and the answer was a general denial.

The cause was tried before the court, without the intervention of a jury; and the findings and judgment were for the defendant; and, after an unsuccessful motion for a new trial, he brought the case to this court by appeal.

The evidence discloses that the plaintiff and defendant are adjoining land-owners—the former owns the southwest quarter of the northeast quarter of section five, township fifty-two, range thirty, and the defendant owns the northwest quarter of the southeast quarter of the same section.

As before stated, the plaintiff sues for the thirty-feet strip, before mentioned, which lies within defendant's inclosure. The plaintiff introduced evidence tending to prove that the strip of ground was a portion of his forty above described; while the defendant, upon the other hand, introduced testimony tending to prove that the strip belonged to his forty, and was no part of plaintiff's tract. The latter also introduced evidence tending to prove that he and those through whom he claimed title had been in the exclusive, open and notorious possession of the strip of land for more than ten years prior to the institution of this suit, claiming title thereto adversely to the world. The plaintiff's evidence, upon the other hand, tended to contradict defendant's adverse claim of possession.

The record discloses that the court gave a number of instructions for plaintiff and defendant, submitting their respective theories of the case to the court. In

Crossett v. Ferrill.

addition thereto, the court gave for the defendant the following instruction:

"7. The court instructs the jury that under the law and evidence in this case the plaintiff is not entitled to recover, and your verdict will therefore be for the defendant."

Plaintiff duly objected and saved his exceptions to the action of the court in giving all of said instructions for defendant.

I. There was substantial evidence introduced by the plaintiff which tended to prove that the strip of ground sued for was a part of the southwest quarter of the northeast quarter of said section five, and that he was the owner thereof at the time of the institution of this suit. That evidence clearly made out a prima-facie case for him, and the court should have passed upon the facts, and should have refused defendant's peremptory instruction numbered 7 to find for the defendant. [Barth v. Railroad, 142 Mo. 548-9.]

The instructions given by the court on behalf of the plaintiff, and the first six given at the request of the defendant properly declared the law of the case; but the giving of the seventh for defendant, in effect, withdrew all of the instructions given for both the plaintiff and defendant, and peremptorily required the finding to be for defendant.

That action of the court was clearly reversible error; and for that reason the judgment is reversed and the cause remanded for another trial. All concur.