MARY HEYNBROCK et al., Appellants, v. WILLIAM HORMANN.

**Division One, March 3, 1914.**

1. **EVIDENCE:** Ejectment: Limitations: Declarations of Claim of Ownership. Declarations by defendant's deceased ancestor, made by him at the time he was in possession and cultivating the strip of ground in suit and known to be so in possession by plaintiff's ancestor, to the effect that a certain hedge fence was the line between the two farms and that it was agreed between said ancestors that, whatever the survey might show, said fence should be the line, is competent evidence in support of defendant's claim of ownership where his defence is title by limitation. Such declarations are not admissible to prove title, but though self-serving they are properly admitted to show the character of the possession (as for instance, whether or not it was under claim of ownership) where the Statute of Limitations is invoked.

2. **ACTION AT LAW:** Trial Before Court. In an action at law tried before the court without the aid of a jury, the findings of fact stand on appeal as does a verdict of a jury.

3. ———: ———: General Finding: Limitations. And if there is substantial evidence to support the defense of adverse possession, the presumption will be indulged that the trial court sitting as a jury predicated his finding and judgment upon that ground, although the judgment is general in its terms and does not recite upon what particular ground the finding was made for defendant.

4. ———: ———: Instruction to Find for Defendant. Where the action is one at law and is tried by the court sitting as a jury, it is not error to give a declaration of law to the effect that "the court declares that under the law and evidence in this case the plaintiff cannot recover and the finding of the court should be for the defendant." If the issues of fact had been tried by a jury such an instruction would have been erroneous, but it cannot be said to have misled the court or to have withdrawn from his consideration any testimony adduced at the trial.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*Alexander Graves* and *Horace F. Blackwell* for appellants.

(1) It is conceded by the first stipulation set forth in the "Statement" that William Heynbrock, Sr., was the owner of the title of the land described in said stipulation. The undisputed evidence of County Surveyor Walker, quoted in the statment, established that the strip of land involved in this suit is part of the land described in said stipulation. The will of said Heynbrock, Sr., cited in the statement, vested the title of the whole farm for life in his wife, the plaintiff. The defense was the Statute of Limitations. Plaintiff had a prima-facie case. It was reversible error to grant in favor of defendant the peremptory declaration of law set forth in the statement. Whitaker v. Whitaker, 157 Mo. 354. (2) The trial court erred in admitting the hearsay evidence of George E. Avery and other witnesses concerning the declarations of George W. Avery as to the hedge being the boundary line between him and Heynbrock, Sr. (a) Not a single one of these declarations was made while pointing out the hedge as such boundary line; or in disparagement of the Avery claim. (b) Not a single one of these declarations was made in the presence of testator, Heynbrock, or his widow, the plaintiff, or made under oath. (c) These declarations, if made, were by a party directly interested in enlarging his own private boundary, and not by a disinterested party to establish a boundary line of public interest, nor were they traditionary; hence, they constitute rank hearsay. Railroad v. View, 156 Mo. 618; 1 Green. Evi. (15 Ed.) section 145; Hunnicut v. Peyton, 102 U. S. 363; Elliott v. Pearl, 10 Pet. 181; Ware v. Brookhouse, 7 Gray, 454; Long v. Colton, 116 Mass. 415. (3) It will be remembered defendant testified that when he bought the adjacent land on the east side the cultivation did not extend to the hedge but to the public road which was

on the east of the hedge. Also grant of thirty foot public road by Louis Cook, defendant Hormann grantor.

*Chiles & Chiles* and *Aull & Aull* for respondent.

(1) Declarations by parties in possession of real estate under claim of ownership, made while in such possession, are admissible to show the character of possession and claim under the Statute of Limitations. Bank v. Barber, 198 Mo. 470; Swope v. Ward, 185 Mo. 325; Whitaker v. Whitaker, 175 Mo. 1; Turner v. Belden, 9 Mo. 792; Mylar v. Hughes, 60 Mo. 105; Railroad v. View, 156 Mo. 618; Barrett v. Donnelly, 38 Mo. 494; Martin v. Bonsack, 61 Mo. 559; Crawford v. Ahrnes, 103 Mo. 88; Mississippi County v. Vowels, 101 Mo. 225; Davis. v. Broswell, 185 Mo. 576; Dunlap v. Griffity, 146 Mo. 283; Harper v. Moore, 114 Mo. 325; Railroad v. Clark, 68 Mo. 374; Burgert v. Borchert, 59 Mo. 87; Thomas v. Wheeler, 47 Mo. 363; State to use v. Schneider, 35 Mo. 533; 1 Gr. Ev. (15 Ed.), sec. 109; Wigmore, Evidence, secs. 1777 and 1778. Appellant objects to the evidence showing statements of George W. Avery to various witnesses while he was the owner of, and in possession of the premises, made while on said premises, and offered in evidence to show the character of his possession and the adverse claim under the Statute of Limitations. The evidence was clearly admissible for the above purposes as frequently decided by this court. None of the objections made in appellants brief are tenable but appellant is not in position to press such objections here. The objection made in the trial court is: "The conversation was not made there with or in the presence of William Heynbrock or any of the plaintiffs." "No such objections were lodged below and hence may not be considered here." Bragg v. Co., 192 Mo. 342; O'Neill v. Kansas City, 178 Mo. 100; St. Louis v. Railroad, 248 Mo. 10. (2) Ten

years open, notorious, continuous, adverse possession, under claim of ownership, with intention to claim title to the land, is sufficient. It is not necessary or essential, in order that the Statute of Limitations. should begin to run, that actual notice of the claim should be brought home to the title owner. Swope v. Ward, 185 Mo. 316; Williamson v. Eilers, 114 Mo. 245; Scruggs v. Scruggs, 43 Mo. 142; Miller v. Rosenberger, 144 Mo. 300; Darsh v. Crane, 109 Mo. 323. This is not a case where the possession was, at first, permissive in character, but one where the possession, in its inception, was adverse. Swope v. Ward, 185 Mo. 316; Lumber Co. v. Jewell, 200 Mo. 707; Williamson v. Brown, 195 Mo. 333. (3) One who holds land by open, continuous, notorious, adverse possession, for ten years, obtains an indefeasible fee simple title thereto as effectually as through title acquired by deed. Myers v. Schucmann, 182 Mo. 159; Scannell v. County, 161 Mo. 606; Kirton v. Bull, 168 Mo. 622; Franklin v. Cunningham, 187 Mo. 196; Ekey v. Inge, 87 Mo. 493; Bank v. Evans, 51 Mo. 335; Ridgeway v. Holliday, 59 Mo. 444; Bledsoe v. Simms, 53 Mo. 305; Sherwood v. Baker, 105 Mo. 472; Long v. County, 107 Mo. 298; Barry v. Otto, 56 Mo. 177; Dalton v. Bank, 54 Mo. 105; Hamilton v. Boggess, 63 Mo. 233; Allan v. Mansfield, 82 Mo. 688; Wall v. Shindler, 47 Mo. 282; Nelson v. Broadhack, 44 Mo. 596; Warfield v. Lindell, 38 Mo. 561; Blair v. Smith, 16 Mo. 273. (4) The trial of this case was before the court, without a jury, and at the close of all the evidence and argument, and, after a consideration of all the evidence, the court, in declaration one, for defendant, declared that "under the law and the evidence in this case, the plaintiff cannot recover, and the finding of the court should be for the defendant." "This declaration announced no more than the finding of the court, and cannot be said, either to have misled the court, or to have withdrawn from its consideration any testimony adduced on the trial. Stone v.

Spencer, 77 Mo. 361; Kansas City v. Askew, 105 Mo. App. 87. Neither of the above cases have ever been criticised or overruled. The citation of appellant, with excerpts from the case tried before a jury, do not militate against the above. The appellant requested the court to grant a similar declaration, on the part of appellant, as follows: ''The court declares the law to be that upon the pleadings and the evidence the finding must be for the plaintiff.'' Which the court refused. Whether we consider this standing on the same theory, or, inviting the same action of the court, it clearly shows that the appellant at the time occupied that position. (5) Under the record it is clearly shown that the court made its finding on the law and the evidence, duly considered all the evidence, heard argument of counsel thereon, and rendered its finding accordingly. This, regardless of the above declaration. But if it could be considered error, appellant at the time occupied the same position. Crum v. Crum, 231 Mo. 626; Sepetowski v. Co., 102 Mo. App. 121; Berthold v. Co., 165 Mo. 311; Christian v. Ins. Co., 143 Mo. 467; Rourke v. Railroad, 221 Mo. 62; Smart v. Kansas City, 208 Mo. 204; Soldaniels v. Railroad, 23 Mo. App. 516; Nagel v. Co., 104 Mo. App. 444; Gordon v. Pary, 219 Mo. 611; Thrope v. Railroad, 89 Mo. 650; Holmes v. Braidwood, 82 Mo. 610; Phelps v. Salisbury, 161 Mo. 14; State ex rel. v. Co., 94 Mo. App. 196; Cady v. Coates, 101 Mo. App. 152; Dodge v. Knapp, 112 Mo. App. 528. The finding of the court is as conclusive, on appeal, as the verdict of a jury. Magee v. Burch, 108 Mo. 341; Morton v. Steele, 125 Mo. 190; Fohey v. Gordon, 133 Mo. 426; De Lassus v. Faherty, 164 Mo. 361. (6) If a division line be taken and considered by the adjoining proprietors as the true line, and the party possessing the land up to said line claims it as his own, it makes no difference how the line is made, whether by mistake or otherwise; the possession

is adverse. Stumpe v. Kopp, 201 Mo. 412; Schwartzer v. Gebhardt, 157 Mo. 99; Kincaid v. Dormey, 51 Mo. 552; Majors v. Rice, 57 Mo. 384; West v. Railroad, 59 Mo. 510; Hamilton v. West, 63 Mo. 93; Dee v. Nachbar, 207 Mo. 680; McCabe v. Bruere, 153 Mo. 1; Porter v. Gaines, 151 Mo. 560. (7) An agreement, as to the boundary, may be shown by facts and circumstances. And, in determining the facts, long acquiescence and recognition of the line by the parties and their privies become very important factors. Schwartzer v. Gebhardt, 157 Mo. 99; Ernistine v. Gleason, 137 Mo. 594; Stumpe v. Kopp, 201 Mo. 412.

GRAVES, J.—Action in ejectment for a strip of land in Lafayette county, Missouri, thus described in the petition:

"Beginning at the northeast corner of the west half of the northwest quarter of the northwest quarter of section twenty-three, township forty-nine, range twenty-four, running thence south along the line between the west half and the east half of said northwest quarter of the northwest quarter of said section to the southeast corner of said west half of said northwest quarter of said northwest quarter of said section, thence west twenty-four and 41-100 (24.41) feet thence north to a point twenty-nine feet west of the said beginning point thence east twenty-nine feet to the beginning."

The petition is the ordinary one for actions in ejectment, laying ouster as of January 2, 1905, and asking damages in the sum of $300, and alleging rents and profits at ten dollars per month. Originally the plaintiffs were Mary Heynbrock and her six children, but before judgment the court permitted the children to retire from the suit, and the wage of war was then between Mary Heynbrock, the very aged widow of William Heynbrock, deceased, and the defendant Hormann.

The answer upon which trial was had is short, and had best speak for itself. The material portions read:

"Defendant for amended answer to the petition of plaintiffs admits that he was on the 2nd day of January, 1905, and still is in the possession of the strip of land described in said petition, but denies that the said strip was or is any part of the west half of the northwest quarter of the northwest quarter of section twenty-three, township forty-nine, range twenty-four and denies each and every other allegation of the said petition of plaintiffs.

"For further answer to said petition and defense to this action this defendant alleges that he and those under whom he claims have had the actual, exclusive, adverse, continuous, lawful and peaceable possession of the strip of land sued for and in controversy herein for forty years and more next before the commencement of this action under claim of title and claiming the title thereto, that the defendant is the true and lawful owner thereof and of the title thereto and. as such owner was during said time and still is in the lawful possession thereof.

"For still further answer to said petition and defense to this action the defendant alleges that no action has accrued to the plaintiff nor to those under whom they claim within ten years next before the commencement of this action.

"Wherefore the defense prays that he be hence discharged and that he recover of the plaintiffs the costs of this action."

Upon trial had before the court, without the intervention of a jury, there was entered a judgment for the defendant in this language:

"Now at this day come the parties herein, by their respective attorneys, and defendant also comes by his attorneys, and leave is granted plaintiffs to strike from the petition all of the names of the plaintiffs except plaintiff Mary Heynbrock, Sr., and the court being

now sufficiently advised in the premises, doth find the issues for the defendant and against the plaintiff, Mary Heynbrock, Sr. It is therefore ordered, adjudged and decreed by the court that the plaintiff take nothing by her writ, and that the defendant have and recover of said plaintiff his costs and charges herein expended, and that execution issues therefor."

From this judgment the plaintiff has appealed. In the record is this stipulation as to the condition of the title in 1858:

"It is agreed by the parties hereto that the paper title to the west half of the northwest quarter of the northwest quarter of section twenty-three township forty-nine, range twenty-four, Lafayette county, Missouri, was on April 3d, 1858, in William Heynbrock, Sr.

"It is further agreed that the paper title to the west half of the southwest quarter of the northwest quarter section twenty-three, township forty-nine, twenty-four, Lafayette county, Missouri, was in the said William Heynbrock, Sr., on the 15th day of April, 1858.

"It is agreed that the paper title to the east half of the southwest quarter of the northwest quarter of section twenty-three, township forty-nine, range twenty-four, was vested in George W. Avery February 27th, 1854, and the east half of the northwest quarter of the northwest quarter of section twenty-three, township forty-nine, range twenty-four, was vested in George W. Avery, November 15, 1865."

By his last will, William Heynbrock (W. Heinbrock, as it appears in the will, but taken in the trial as the same party) gave to the wife and widow a life estate in the lands first mentioned in the above stipulation, with remainder over to the children. The evidence of the county surveyor tended to show that the strip of land in dispute was a part and portion of the land described in the first part of the stipulation above

set out. The defendant holds title through Avery as mentioned in the latter part of the stipulation, supra. For defendant the evidence tends to show an agreed division line between Gorge W. Avery and William Heynbrock made in the early sixties, and that according to this agreed division line, the strip in controversy belongs to the Avery tract, of which defendant is now owner, and not to the Heynbrock tract. The evidence for the defendant also tends to show open, notorious and hostile possession for a great number of years— much more than the statutory period of ten years. Other matters in detail will be given in the course of the opinion, in connection with the points urged before us. This sufficiently outlines the case.

I. The plaintiff's first assignment of error is thus couched in the brief:

"The court committed error in admitting illegal and incompetent evidence on the part of the defendant against the objections and exceptions of the plaintiff."

The exact situation is best presented by just what was done by the trial court. When a witness, George E. Avery, was on the stand, for the defendant, he testified that his father had always culti-

**Declarations of Parties in Possession.** vated the land up to a certain hedge fence, and that the Heynbrocks on the other side of the fence likewise cultivated up to the same fence. Other proof in the case fixes this condition of affairs for a great length of time, i. e., thirty-five to forty years. Counsel for defendant undertook to have young Avery detail what his father said about the hedge fence being the line between him and Heynbrock. At first the court sustained the objections of plaintiff's counsel to such evidence, but thereafter the following occurred: "Hon. William Aull, counsel for the defendant: We offer on behalf of the defendant to show by the witness that during the time that his father was in possession of the Hor-

mann and Stockman farms, inclosed as stated in his testimony, his father, on the premises, stated to him several times that this hedge which has been referred to, was planted by himself, and Mr. William Heynbrock, the father of the plaintiffs, and the husband of the plaintiff, Mary Heynbrock, in this case; that George W. Avery the father of the witness, furnished the plants for the hedge, and Mr. Heynbrock and the father of the witness planted the hedge, and that at the time the hedge was planted it was agreed between them that that should permanently be the line between the two farms.

"The Court: You can prove that last statement."

"Hon. Alexander Graves, counsel for the plaintiffs: We object to the offer to prove on behalf of the defendant, because the conversation was not made there with or in the presence of William Heynbrock or any of the plaintiffs.

"The Court: The objections are overruled.

"To which ruling of the court, the plaintiffs, by their counsel, then and there duly excepted.

"Q. State to the court what your father said? A. My father said that the hedge was the line and that it was the agreement between the two families as long as they should live that that should be the line; they said it did not make any difference what the survey showed—it should be the line; that was what he told me in making the old survey; he said it was the agreement that the hedge should be the line."

Defendant then followed up this lead with several other witnesses, who testified to like effect—one witness saying that the plaintiff herself at one time had said that it would make no difference what a survey (then being made) might show, the hedge fence was the line agreed upon. It is to this evidence that the plaintiff objects, and assigns its admission as reversible error. The record shows that all of these statements of Mr. Avery, thus shown in evidence, were made by him on

the farm, and whilst he was in the possession of the farm, and cultivating the land upon his side right up to this hedge. In so cultivating up to the hedge for all these years, he was cultivating the strip of ground now in controversy. Was this evidence as to what Avery said competent for any purposes of the case? Defendant urges that it was and plaintiff's views are *contra*.

In determining the propriety of this evidence the fact that the elder Avery was at the time in possession of and cultivating the ground to the east of this hedge, and thus cultivating the very strip of ground now in controversy, must not be overlooked. Not only so, but plaintiff and her grantor had full knowledge of such fact. Counsel for plaintiff cites and largely relies upon the opinion of GANTT, P. J., in K. C. & Atl. Ry. Co. v. View, 156 Mo. 1. c. 618, whereat it is said:

"Plaintiffs complain that the court excluded certain statements alleged to have been made by the various occupants that they were in possession under leases from Darton.

"That a declaration of a party in possession may be admitted to show a claim of adverse possession is true, but the distinction is well marked in this State between a declaration disclaiming title, in other words, a declaration against interest and one in favor of the declarant; the former is admissible, but the latter is not. [Turner v. Belden, 9 Mo. 797; Darrett v. Donnelly, 38 Mo. 492; Morey v. Staley, 54 Mo. 421; Mylar v. Hughes, 60 Mo. 111; Martin v. Bonsack, 61 Mo. 559.] The effect of prior possession under color of title by admissions of the various occupants that they held under Darton, was but an attempt to show title by statements in favor of Darton and not adversary to their rights. It was pure, simple hearsay, and was properly excluded."

We will not discuss this View case again. It was thoroughly reviewed by this court in the later case of Swope v. Ward, 185 Mo. 1. c. 325, whereat we said:

"It is claimed, however, that Ward was a mere squatter in the first instance, and that his declarations to third persons cannot raise his right as a squatter to a fee simple title to the land, and that in order that the Statute of Limitations should begin to run in his favor it is essential that actual notice of his claim to the land should be brought home to the title owner.

"The chief infirmity in this contention is that Ward was not a mere squatter. He entered into possession in the beginning under a claim of ownership, with an intention to claim the land. His entry was, therefore, an ouster of the legal possession in the plaintiffs or their grantors, arising from the title. It was in no sense a permissive entry or possession and was not begun in subordination to or recognition of the title of the plaintiffs or of any one else, but was adverse in its inception. The rule of law as to the notice necessary to be given where the possession begins in subordination to the title or possession of another, therefore, has no application in this case.

"It is said, however, that there are two conflicting lines of cases in this State that have been running along together, one of which, illustrated by the cases of Turner v. Belden, 9 Mo. 797, and Railroad v. View, 156 Mo. l. c. 618, is that declarations of one in possession, to third persons, which are in derogation of the right of possession or which cut down the title, are admissible, as admissions against interest, but that when such declarations tend to sustain or enlarge the apparent interest of the person in possession, they are mere self-serving declarations, and therefore are inadmissible; and the other line, of which Darrett v. Donnelly, 38 Mo. l. c. 494, and Whitaker v. Whitaker, 175 Mo. 1, are illustrative, is that such declarations are admissible, when title by limitation is relied on, because they tend to explain the character of the possession.

"But when properly understood.there is no such conflict between those cases. Mere verbal declarations

of a person in possession, made to either third persons or to the owner of the record title, cannot create a conveyance, or elevate the rights of a squatter into a fee simple title. Titles to land are not created by mere verbal declarations. But while this is true, it is likewise true that in all cases where title by limitation—that is, title by operation of law—is relied upon, it is necessary for the person in possession to prove that his possession was under a claim of right, claim of ownership, claim of appropriation and, therefore, was a hostile claim, as it has been indifferently called. [1 Am. & Eng. Ency. Law (2 Ed.), 846.]

"This being true and this being one of the elements to be proven in a claim of title by limitation, the verbal declarations of the person in possession are admissible to show the character of the possession and to show the intention with which the possession was originally taken. Such declarations do not constitute title. They are really evidence tending to prove one of the elements of title necessary to be proved in cases where title by limitation is relied on. Where the possession is not visible or actual, such declarations, by themselves, would be wholly insufficient. But where the possession is visible and actual, so as to furnish the owner of the title ocular evidence of acts of proprietorship by the person in possession, such declarations when taken in connection with such acts of proprietorship tend to prove the intention of the person in possession and also that the possession is under a claim of right.

"Of course the general rule of law as to all contracts or acts of a party is that admissions against interest are admissible, and that mere self-serving declarations are inadmissible, but this rule is not violated in admitting in a case involving the possession of real estate, where title by limitation alone is relied on, statements of the person in possession that he claimed a

right to the possession or to the land. It would be a solecism to say such a party was required to show that the possession was under a claim of right, and to say that evidence that he had asserted such a claim of right was inadmissible. It is contended, however, that such a claim of right must be brought home to the title-owner. To so hold would be equivalent to holding that the claim of right required under the rule is synonymous with a notice to the owner, and if such had been the meaning of the rule the term notice would have been employed instead of the term claim of right.

"In Whitaker v. Whitaker, 157 Mo. 342, evidence that the party in possession had said he had acquired the interest of his brothers and sisters was properly held to be inadmissible, for an interest could only be acquired under the Statute of Frauds by an instrument of writing. Whereas, upon second appeal in the same case (175 Mo. 1) it was held that declarations of the party in possession that he owned the land, were held to be admissible 'as going to show the character of his possession, and therefore to sustain the plea of ten years' adverse possession.' These cases illumine the difference between self-serving declarations and a claim of right which is necessary to be shown in cases of title claimed by limitation.

"The evidence of such claim in this case was, therefore, properly admitted in connection with and explanatory of the possession, and the acts of ownership done by Ward on the land."

We can add nothing to the foregoing full review of the View case, and the proposition of law involved in this case. So, too, in the later case of Bank v. Barbee, 198 Mo. l. c. 469, BURGESS, P. J., said:

"Plaintiff, over the objection of defendants W. L. and Martha J. Barbee, was permitted to introduce in evidence statements of the defendant W. O. Barbee, made in the absence of his co-defendants, the said W.

L. and Martha J. Barbee, that they had delivered to him a deed to the premises in controversy. The objection to this testimony was upon the ground that it was mere hearsay, and inadmissible in favor of plaintiff, who is privy in estate with the defendant W. O. Barbee.

"It is well settled that the declarations of a person in possession of property are not admissible as evidence in his favor, or of those claiming under him, to show title in him. [Turner v. Belden, 9 Mo. 797; Watson v. Bissell, 27 Mo. 20; Darrett v. Donnelly, 38 Mo. 492; Morey v. Staley, 54 Mo. 421; Railroad v. Clark, 68 Mo. 371; Railroad v. View, 156 Mo. 608.] But it is equally well settled that the declarations or admissions of one in possession of property explanatory of his possession, as that he holds it in his own right, or as tenant or trustee of another, are admissible in evidence, because explanatory of his possession. [Darrett v. Donnelly, supra; Railroad v. View, supra.] It is clear from these authorities that the statements of W. O. Barbee, under consideration, were inadmissible against his co-defendants for the purpose of showing title in himself. They were, however, admissible as tending to show that his possession was adverse under the Statute of Limitations: and the judgment should not be reversed upon the ground of their admission.

"In Martin v. Bonsack, 61 Mo. l. c. 559, it is said: 'The tendency of recent adjudications is to admit explanations of a possessor of property as to his title, not with a view to set up such title, but to show whether his possession was adverse under the Statute of Limitations, or otherwise. All the evidence in the case tended to show that Mrs. Lee's possession was hostile to all the world, and not as dowress or tenant for life. This question was left to the jury by the instructions, and they found for plaintiffs.'

"That case was cited with approval and quoted from in Mississippi County v. Vowels, 101 Mo. 225, in which it was also expressly ruled that such evidence was admissible. The Statute of Limitations was one of the issues involved in this case, and the judgment of the court may have been, and probably was, bottomed upon the theory that W. O. Barbee's possession was adverse to all others for more than ten years before the institution of this suit."

In this last above cited case the plaintiff bank was claiming under W. O. Barbee, and makes the case parallel to the one at bar. It should also be noted that Judge BURGESS who wrote the opinion and Judge GANTT, who concurred therein, were on the same bench when the View case, supra, was written by Judge GANTT, and further that they in this last case refer to the View case. Going now to a case from the other division of the court, we find that in Mississippi County v. Vowels, 101 Mo. l. c. 228, BRACE, J., thus states the rule:

"There was no error in the admission of the declaration of Vowels, deceased, that he had purchased the land; 'The tendency of recent adjudications is to admit explanations of a possessor of property as to his title, not with a view to set up such title, but to show whether his possession was adverse under the Statute of Limitations or otherwise.' [Martin v. Bonsack, 61 Mo. 556.]"

Cases and text-writers almost *ad infinitum*, might be cited along this line. Such declarations are not admitted to prove *title*, but where the Statute of Limitations is invoked they are properly admitted to show the character of the possession. The trial court committed no error in the admission of this evidence, and with this out of the case there is but little left in the appeal.

II.   This is an action at law, tried before the court without the intervention of a jury, and in such cases

**Law Case: Trial by Judge.** the findings by the court upon the disputed facts stand here as does a verdict of a jury.   This proposition is so well settled that it needs no citation of authorities.

There was strong evidence in this record from which the court could have well found for the defendant upon the grounds of adverse possession for much more than the statutory period, and if the judgment is predicated upon that ground, we cannot disturb it.   Further, although the judgment is a general one in its terms, yet when there is one substantial ground upon which it could be rendered, we should not disturb it, because the trial court will be presumed to have predicated his finding and judgment upon such established ground of recovery or defense.   The evidence being sufficient to justify the judgment upon the ground of adverse possession for the statutory period, other matters of error must be sought, or such judgment should stand.

III.   It is next insisted that the court erred in giving the following declaration of law:

**Peremptory Instruction.** "The court declares that under the law and evidence in this case the plaintiff cannot recover and the finding of the court should be for the defendant."

This court has passed upon this exact question. In Stone v. Spencer, 77 Mo. l. c. 361, we said:

"The declaration of law made by the court at defendant's instance, is complained of.   If the issues of fact had been tried by a jury the instruction would have been erroneous in taking the case from them by the court, but the issues of fact were submitted to the court, and the instruction announced no more than the verdict found, and cannot be said either to have misled the court or to have withdrawn from its consideration

any testimony adduced on the trial. If the law and the evidence warranted the verdict, then this instruction simply declared that the court should do what it ought to have done without any such declaration of its duty. The declaration does not indicate that the court applied any erroneous principle of law to the case. The instructions given for plaintiffs show the theory of the law upon which the court proceeded. 'Where the case is submitted to the court for hearing, declarations of law are generally of but little use, except to show the theory on which the case was tried. ' [Cooper v. Ord, 60 Mo. 431.]''

The declaration of law held in judgment in the Stone case reads:

''The court sitting as a jury declares the law to be, that defendant, upon the pleadings and evidence herein, is entitled to recover from plaintiffs and their sureties, upon their bond given herein under the provisions of section 3, chapter 166, of the General Statutes of Missouri, the value of the property taken out of his possession herein, with his damages and costs in his behalf sustained.''

Discussing a similar declaration of law, the Kansas City Court of Appeals, in Kansas City ex rel. v. Askew, 105 Mo. App. l. c. 87, said:

''The trial being before the court without a jury, the instruction given was no more than an announcement by the court that, in its opinion, the law and the evidence required a finding for defendant. By such declaration the court did not withdraw from itself a consideration of any part of the evidence. [Stone v. Spencer, 77 Mo. 356.] It is said in that case that if the issues of fact had been submitted to a jury, the instruction would have been improper, but not so, when submitted to the court.''

This contention of the appellant must therefore be ruled against her.

IV.  The third and last assignment of error is that the court erred in refusing plaintiff's second, third and fourth instructions.    These instructions we have examined and are of opinion that there was no error in the refusal of them.    An examination of this record leads us to the view that the trial court reached a correct judgment upon the facts, and such judgment is affirmed.  All concur.