CENTRAL STATE SAVINGS AND LOAN ASSOCIATION, RESPONDENT, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, A CORPORATION, APPELLANT.—30 S. W. (2d) 774.

Springfield Court of Appeals.   July 29, 1930.

*Hanna & Hurwitz* and *Mann & Mann* for appellant.

*Borders, Borders & Warwick* and *H. T. Lincoln* for respondent.

COX, P. J.—This is an action upon a fidelity bond. Plaintiff recovered and defendant appealed.

The plaintiff is the successor to the Burton Building and Loan Association. At the time this suit was begun and for sometime prior thereto, the principal place of business of plaintiff was in Kansas City. It had two men acting as district agents at Springfield, Missouri, whose names were James B. Huffman and Eli Ashley Reid.

These agents in the course of their employment collected large sums of money which it was their duty to remit to plaintiff at Kansas City. The defendant executed the bond sued upon by which it agreed to pay to plaintiff any pecuniary loss sustained by it occasioned by the fraud, dishonesty or criminal act of any of the employees of plaintiff listed thereunder. Huffman and Reid were listed and covered by the bond sued upon. Plaintiff alleged that these employees converted to their own use money belonging to plaintiff for which defendant was liable under the bond in suit.

The petition was in two counts. The first count applied to Huffman and Reid while acting together as partners and the second count applied to Reid alone.

The defendant by answer alleged several grounds of defense, which, in the view we take of our duty in this case, it will not be necessary to set out in detail. Suffice it to say that plaintiff made a rather clear case on the evidence and defendant produced substantial evidence tending to support some of these grounds of defense.

The trial was by the court, a jury being waived. At the close of all the evidence the court gave seven declarations of law asked by plaintiff and one for defendant and refused a number of declarations asked by each party. For plaintiff the court gave the following peremptory declarations of law:

"No. 1. The court declares the law to be that under the pleadings and the evidence in this case, the finding of the court must be in favor of the plaintiff and against the defendant upon the first count of plaintiff's petition."

No. 2 was in the same language at No. 1 except that it applied to the second count.

The appellant strenuously insists that giving these two declarations of law constituted reversible error. The contention being that the rule as to declarations of law given by a court when the trial is by the court without a jury is the same as applies to instructions to juries in trials by them. The respondent contends that in trials by the court the rule is different and a peremptory declaration of law by the court when the trial is before the court without a jury amounts to nothing more than an announcement before hand of what the finding of the court will be. Each side cites a number of cases decided by the Supreme Court and Court of Appeals in this State to sustain their several contentions and we find that the cases cited by appellant sustain its contention and the cases cited by respondent sustain its contentions, so, as we read the cases, there is an unreconcilable conflict in the holdings in different cases by the Supreme Court on that question. This court, of course, is bound by the latest decision of the Supreme Court and it is our duty to follow it regardless of our own judgment as to the question involved. By reason of that fact

we shall review a few of the conflicting decisions of the Supreme Court on the effect of a peremptory declaration of law given in a trial before the court. As already suggested there are two line of cases by our Supreme Court, that, in our judgment, cannot be reconciled and yet none of these cases have been overruled, unless it be by implication, for no case takes any notice of any other case in conflict with it. The cases which hold that where there is evidence on both sides it is error for the court to give a peremptory declaration of law in a trial before the court without a jury began with DeGraw v. Prior, 53 Mo. 313, decided at the August term, 1873. The Supreme Court said in that case on pages 314-15: "At the close of the evidence the court, at the instance of plaintiff and against defendant's objection, declared the law to be 'that upon the evidence in this case, the plaintiff is entitled to recover.' This instruction is manifestly erroneous. It takes the whole case from the jury or from the court sitting as a jury and declares as a matter of law without any finding upon the evidence that the plaintiff is entitled to recover. Whether the plaintiff was entitled to recover depended upon the sufficiency and weight of the evidence in the cause on the two questions to be passed upon. It was not for the court but the jury, or which is the same thing, the court sitting as a jury, to pass upon the sufficiency and weight of the evidence."

In Crossett v. Ferrill, 209 Mo. 704, 108 S. W. 52, decided February 26, 1908, at pages 706-7 it is said: "The record discloses that the court gave a number of instructions for plaintiff and defendant submitting their respective theories of the case to the court. In addition thereto, the court gave for the defendant the following instruction:

"7. The court instructs the jury that under the law and the evidence in this case the plaintiff is not entitled to recover and your verdict will, therefore, be for defendant." This is worded as an instruction to the jury but the trial was had before the court without a jury. The court held that plaintiff had made a prima-facie case and the court 'should have passed upon the facts and should have refused peremptory instruction No. 7 to find for the defendant." The court further said: "The instructions given by the court on behalf of the plaintiff and the first six given at the request of the defendant properly declared the law in the case but the giving of No. 7 for defendant in effect, withdrew all the instructions given for both plaintiff and defendant and peremptorily required the finding to be for defendant."

"That action of the court was clearly reversible error. . . ."

In Bartlett v. Boyd, 175 S. W. 947, decided March 2, 1912, the contest was over a boundary line between two landowners. The court gave a declaration of law as follows: "The court declares the law to be that the plaintiff has not shown the establishment of an

agreed boundary line between the lands of plaintiff and defendant or any part of the same described in plaintiff's petition and on which a recovery is sought in this case." The court held that plaintiff had made a prima-facie case and for that reason the giving of this peremptory declaration of law was reversible error and in the discussion of the question, said, "This evidence should not have been excluded from the view of the trier of the facts or dismissed without any consideration as appears to have been done in the giving of the declaration of law. That instruction should have been framed so as to predicate the legal conclusion therein stated upon the failure of the court to find a *preponderance* of the evidence to support the theory that the parties to the controversy had recognized or acquiesced in an agreed boundary line. . . . Had it been couched in such form it would have clearly shown a recognition and consideration by the learned trial judge of the facts and circumstances tending to support that theory." Thus holding that by giving a peremptory declaration of law against plaintiff, the court declared that it would not consider plaintiff's testimony.

In Eaton v. Cates, 175 S. W. 950, decided April 1, 1915, a mandatory declaration of law to find for plaintiff was asked and refused. The Supreme Court approved that action of the trial court and said, "It was the province of the court to pass upon the credibility of the witnesses and the weight to be given their testimony in exactly the same sense that a jury should do in the trial of a cause and the court has no more authority to give a mandatory instruction for the plaintiff when trying a case without the aid of a jury than it would have to so instruct the jury when it is trying the case." The court then cites Crossett v. Ferrill, 209 Mo. 704, 108 S. W. 52, and Bartlett v. Boyd, supra.

In A. Jaicks Co. v. Schoellkoff, et al., 220 S. W. 486, decided July 9, 1919, a peremptory declaration to find for plaintiff was given when there was evidence tending to support the defense. This was held reversible error on the ground that such a declaration of law amounted to sustaining a demurrer to the evidence of defendant— that it did not withdraw defendant's evidence from the consideration of the court but was a holding that there were no facts for the defendant.

In Saucier v. Kremer, 249 S. W. 640, decided March 5, 1923, a peremptory declaration of law that the plaintiffs were entitled to recover was refused and the Supreme Court held it was rightly refused because there was evidence tending to sustain the defense and cites the Jaicks case, supra.

This line of cases by the Supreme Court hold, in effect, that there is no difference in the duty of the court as to giving declarations of law in a case tried before the court without a jury and the duty of the

court in giving instructions to the jury in a case tried by a jury. These cases support appellants' contention and if they are to be followed by us in this case, it will necessitate a reversal of this judgment.

On the other hand the line of cases supporting respondent's contention begins with Stone v. Spencer, 77 Mo. 356, decided at the April term, 1883. It was there held that the same rule as to giving a peremptory instruction to a jury in a trial by jury does not apply to declarations of law given by the court in a trial before the court without a jury. This case was followed and approved in Heynbrock v. Hormann, 256 Mo. 21, 164 S. W. 549, decided March 3, 1914, from which we quote beginning on page 37 as follows: ''The declaration of law made by the court at defendant's instance is complained of. If the issues of fact had been tried by a jury the instruction would have been erroneous in taking the case from them by the court but the issues of fact were submitted to the court and the instruction announced no more than the verdict found and cannot be said either to have misled the court or to have withdrawn from its consideration any testimony adduced at the trial. If the law and the evidence warranted the verdict, then this instruction simply declared that the court should do what it ought to have done without any such declaration of its duty. The declaration does not indicate that the court applied any erroneous principle of law to the case. The instructions given for plaintiff show the theory of the law upon which the court proceeded.'' The court also said discussing a similar declaration of law the Kansas City Court of Appeals in Kansas City ex rel. v. Askew, 105 Mo. App. 1. c. 87, said: ''The trial being before the court without a jury, the instruction given was no more than an announcement by the court that in its opinion the law and the evidence required a finding for defendant. By such declaration the court did not withdraw from itself a consideration of any part of the evidence. [Stone v. Spencer, 77 Mo. 356.]''

In Chaonia State Bank v. Sollers, 190 Mo. App. 284, 176 S. W. 263, decided May 19, 1915, this court said on pages 291-2: ''The defendant assigned error on the giving of the declaration of law that under the law and evidence the finding must be for plaintiff. Where the trial is before the court without a jury we hardly see what the giving of such a declaration would mean other than to indicate in advance of actually entering judgment for plaintiff that the court intends to do so. . . . Such a declaration as here given in so far as it indicates the theory on which the court decides the case is that under the whole evidence in the case the court thought the plaintiff entitled to a judgment. There is no theory of law declared.''

These cases support the contention of respondent. It will thus be seen that the holding in these cases is directly opposite to the holding

of the Supreme Court in the cases heretofore cited which support appellant's contention. Some of the cases cited which support appellant's contention are later in point of time than those cited which support the position of respondent but in none of these later cases is any reference made to the former cases which hold to the contrary.

The St. Louis Court of Appeals in the case of Jurre v. American Indemnity Company of Galveston, Texas, 17 S. W. (2d) 685, handed down June 4, 1929, on page 690, in passing upon a similar question said: "While we are not unmindful of the view expressed in the authorities relied upon by counsel for the garnishee in support of their point, we are nevertheless convinced that the last controlling cases and the ones which to our minds seem to have been more soundly reasoned announce the doctrine that the giving of a declaration of law in such form and under such circumstances is not error. These cases hold that even though a peremptory instruction of this character would be erroneous in a jury trial as taking the case away from the jury, yet, where the issues of fact are submitted to the court the peremptory declaration of law amounts to no more than the verdict found and that it cannot be said either to mislead the court or to withdraw from its consideration the testimony adduced at the trial; that if the law and the evidence warrant the finding made, then the peremptory declaration simply declares that the court intends to do what it ought to have done without any such declaration of its duty, and that this is particularly true where the action of the court in connection with the giving and refusal of other requested declarations of law disclose that it applied no erroneous principle of law to the case. [Heynbrock v. Hormann, 256 Mo. 21, 164 S. W. 547; Stone v. Spencer, 77 Mo. 356; A. Jaicks Co. v. Scholkoff (Mo.), 220 S. W. 486; Kansas City ex rel. v. Askew, 105 Mo. App. 84, 79 S. W. 483; Chaonia State Bank v. Sollers, 190 Mo. App., 284, 176 S. W. 263.]

The cases cited, except the Jaicks case, held as stated in the opinion. As we view the Jaicks case, it holds to the contrary.

We do not agree with the St. Louis Court of Appeals in the holding that "The last controlling cases" hold that in a trial by the court the giving of such a declaration of law is not erroneous. Our conclusion is that the last cases decided by the Supreme Court hold that it is erroneous and we conceive it to be our duty to follow the last decision of the Supreme Court and in doing so, we must hold that the peremptory declarations of law given in this case constitute reversible error. The judgment will be reversed and the cause remanded. In reversing this judgment we are in conflict with the St. Louis Court of Appeals in the case last cited and it therefore becomes our duty to certify this case to the Supreme Court for final determination, which is accordingly done. *Bailey* and *Smith, JJ.*, concur.