C ONSOLIDATED D ISTRICT No. 4 of J ACKSON C OUNTY, M ISSOURI, Respondent, v. L EE G LANDON, J OSEPHINE G LANDON, and C LYDE C. G LANDON, Appellants, No. 42664—247 S. W. (2d) 770.

Division Two, April 14, 1952.

*Anthony J. Miceli* and *Lawrence W. Sacger* for appellants.

*Floyd R. Gibson* for respondent.

WESTHUES, C.—Plaintiff, a consolidated school district in Jackson County, Missouri, filed this suit to quiet title to a tract of land, 165 feet wide (east and west) and 264 feet in length (north and south), lying in the northeastern corner of the Northwest quarter of the Northwest quarter of Section 34, Township 47, Range 32, Jackson County, Missouri. The answering defendants were Lee Glandon, Josephine Glandon, and Clyde C. Glandon who were descendants or heirs of Eliza Kanaga, deceased, who owned the land in question in

4

1867. A school district, a predecessor of plaintiff district, first took possession of the tract of land about 1874. Plaintiff claims title by adverse possession. Defendants claim plaintiff's possession was permissive and, therefore, not adverse. The trial court found for plaintiff school district and decreed title to be in plaintiff. Defendants appealed.

It was admitted at the trial that a school building had been on the tract of land in question since 1874. A witness for the defendants testified that she was born in October, 1869, and that she remembered that a school building was on the land before she became of school age. It was also admitted that plaintiff and its predecessors have been in continuous and exclusive possession of the land for more than seventy years.

It was admitted that Eliza Kanaga held title to the Northwest quarter of the Northwest quarter of Section 34, Township 47, Range 32, at the time the school was first established. It was also admitted that no one had paid any taxes on the one acre occupied by the school in that quarter section since the school authorities took possession.

Defendants say that the school district entered the land by permission and with the understanding that it could be used for school purposes and when that purpose ceased, the land was to revert to the owner. There was no evidence introduced to support that contention. The record is silent as to the terms under which the school authorities took possession.

At the trial of this case, an abstract of title was introduced in evidence and it was agreed that this abstract correctly disclosed the various deeds of record affecting the quarter quarter section in question. The abstract is not before us; neither was any part thereof copied into the bill of exceptions. From the discussion had between counsel for both parties and the trial judge and witnesses, we learn that a deed was executed by P. C. Smith, Chairman, and H. Merryman, Clerk, Board of Education for Township 47, Range 32, Jackson County, Missouri, to the Board of School Directors of Sub-District No. 4, same township and range. This deed conveyed the plot of ground here in question describing it correctly by metes and bounds. That deed was dated May 28, 1874, and filed March 27, 1878. This deed appeared in the abstract as affecting the title to the quarter quarter section of which the school land was a part. Sub-District No. 4 was a predecessor of plaintiff. We learn further, also by discussion as it appears in the bill of exceptions, that the defendants in this case on September 3, 1901, conveyed to James Keeney the west half of the Northwest quarter of Section 34, Township 47, Range 32, "except one acre out of the northeast corner thereof, * * *." We further find that about 1931 the school authorities conveyed a strip of land from the one acre to Jackson County, Missouri, for the purpose of widening the roadway adjacent to the school grounds.

The deed executed by the Board of Education for Township 47, Range 32, and the deed of a strip of ground to Jackson County were acts of ownership inconsistent and hostile to any theory of permissive use of the land. The deed executed by the defendants whereby they conveyed the land of which the school property was a part and from which deed the school land was excepted may be construed as a recognition of ownership in the school district. No taxes were paid during all of these years on the one acre occupied by the school. Some affirmative actions must have [772] been taken by someone interested to have this one acre omitted. If it were established that the original possession of the land was by permission of the owner with the understanding that title was to remain in the donor, such possession would not be adverse. 2 C.J.S. 623, Sec. 80; Eld v. Ellis, Mo., 235 S. W. (2d) 273, l.c. 275 (1-5). However, if the plot of ground was given to the school district, possession would be adverse. This court reviewed this question in the case of Hoelmer v. Heiskell, 359 Mo. 236, 221 S.W. (2d) 142, 1. c. 145 (6-9), where it said: ''Now it is the law of this state that when one is put in possession of lands under a parol gift the possession of the donee is adverse from its inception. Reader v. Williams, Mo. Sup., 216 S.W. 738. The entry under the parol gift discloses the intention which ' ''guides the entry, and fixes its character.'' Angell on Lim., Sec. 386; Ewing v. Burnet, 11 Pet.(U.S.), 41 (9 L. Ed. 624).' Vandiveer v. Stickney, 75 Ala. 225; Reader v. Williams, supra; Auldridge v. Spraggin, 349 Mo. 858, 163 S.W. 2d 1042; Coshow v. Otey, Mo. Sup., 222 S.W. 804; Allen v. Mansfield, supra (18 S.W. 901); Rannels v. Rannels, 52 Mo. 108.'' See also 2 C.J.S. 646, Sec. 90.

There is no evidence in this record that would justify a finding that the original taking of possession of the land in question was by permission. On the contrary, the evidence justifies a finding that it was not.

Defendants say the trial court excluded evidence offered by them of statements made by members of the school board that title to the land was not claimed by the board. We have examined the record carefully and find that the trial court did not exclude competent evidence on this point. The witness Mrs. Grubb testified that she was 81 years old; that her father was on the school board for 20 or 25 years; that she knew other members of the board during those years. She was asked if she ever had heard members of the school board discuss the property on which the school was built. She answered, ''Well, it was common discussion and common knowledge in that section that the land belong to Mr. Clyde —.'' At this point she was interrupted with an objection which was sustained. After some discussion, the following occurred:

''Q. (By Mr. Saeger) Mrs. Grubb, let me ask you this: Did your father ever say anything about their ownership of this acre?

6

"A. As far as I can remember, I never heard them ever claim that they did own it.

"MR. GIBSON: I object to that and ask that that question and answer be stricken as not responsive to the question.

"THE COURT: Sustained.

"Q. (By Mr. Saeger) Mrs. Grubb, all I want to know is whether your father had ever made any statements about anything pertaining to the real estate, whether they claimed it or didn't claim it. Did he make any statements?

"MR. GIBSON: I object to that - -

"A. I couldn't tell you because I really do not know.

"MR. GIBSON: - - as hearsay evidence - - it is apparent that the witness is very eager to volunteer information.

"THE COURT: She said - - I don't quite agree with you there, Senator. I think she is trying to be very honest about it, I don't mean to tell you what you think, but according to her honesty, she has been very frank. She said she didn't recall that her father - -.

"THE WITNESS: I was too young, I wasn't consulted, know nothing about it."

It is evident that this witness did not know of any fact that would have aided the defendants' cause.

The trial court correctly decided the case.

The judgment is affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.