**L. D. FEELER and Juanita L. Feeler,
husband and wife, Appellants,**

**v.**

**REORGANIZED SCHOOL DISTRICT NO.
4 OF LINCOLN COUNTY, Missouri,
Respondent.**

**No. 44973.**

Supreme Court of Missouri.

Division No. 1.

May 14, 1956.

Oliver F. Erbs, St. Louis, J. H. Haley, Bowling Green, for appellants.

Fred D. Wilkins, Louisiana, Derwod E. Williams, Troy, for respondent.

HYDE, Judge.

Action to determine title to real estate claimed by plaintiffs. Defendant claimed title by 70 years adverse possession, under Sections 516.010 and 516.070 (Statutory references are to RSMo and V.A.M.S.); and asked affirmative relief adjudging it to be the legal owner in fee simple. The Court adjudged that plaintiffs had no right, title or interest in the land and that defendant was the absolute owner thereof. Plaintiffs have appealed from this judgment.

The land involved is about half an acre (0.548) with a schoolhouse on it and shown to have been used for school purposes at least since 1880 and the lot fenced since 1897. The old building was torn down in 1918 and the present building constructed with the proceeds of a District bond issue. The deed to plaintiffs (made in 1949) described 254 acres by metes and bounds around the land in controversy but contained the following provision, namely: "excepting from the above described lands the right of way of Cap-au-Gris Levee and excepting also the School Lot in Cap-au-Gris." The land had been owned by R. N. Wilson for many years prior to 1915 and, when he then conveyed to a predecessor in title of plaintiffs, his deed contained the following provision, namely: "This property is sold with the improvements on the same. The school lot located on Cap-au-Gris Road is not covered by this transfer." All mesne conveyances between the Wilson deed and the deed to plaintiffs contained

the same exceptions as the deed to plaintiffs. The receipts for taxes paid by plaintiffs do not show any exceptions from the land described therein but list a total acreage of 253.76.

The last time school was held on the premises was the school year of 1943–1944; but thereafter school meetings were held there, taxes were levied and the pupils were transported to another school. In 1951 the District became part of defendant District which stored school property there. In October 1952 defendant's directors adopted a resolution stating that the property was no longer required for school purposes and ordered it to be sold at public auction. No deed to the District could be found; but the evidence showed that the District through its directors at all times had claimed the lot and exercised jurisdiction over it without interference or question from the owners of the adjoining land for more than 30 years; and no question as to the District's ownership was ever shown to have been raised.

Plaintiffs' theory is that at most the District had only an easement to use the land for school purposes and that this was lost by abandonment. They cite authorities to the effect that although there is an exception in a deed, as to land in which there is only an easement held by another, the grantor's deed nevertheless conveys the whole fee simple title which he owns subject to the easement. They also contend that the use of this land was permissive and that adverse possession was not shown. (We note there was no evidence whatever to show original permissive use.) As to the first stated and main contention, plaintiffs rely on railroad cases such as Brown v. Weare, 348 Mo. 135, 152 S.W.2d 649, 136 A.L.R. 286; Eureka Real Estate & Investment Co. v. Southern Real Estate & Financial Co., 355 Mo. 1199, 200 S.W.2d 328; State ex rel. State Highway Commission v. Jacob, 362 Mo. 781, 244 S.W.2d 7; and cases of streets and alleys such as Roy F. Stamm Electric Co. v. Hamilton Brown Shoe Co., 350 Mo. 1178, 171

S.W.2d 580, 146 A.L.R. 917; Neil v. Independent Realty Co., 317 Mo. 1235, 298 S. W. 363, 70 A.L.R. 550. It is true of course, as these authorities show, that an easement may be terminated or extinguished by abandonment. However, the fallacy of plaintiffs' contention is that a school district is not restricted to an easement in land used for school purposes as in land used for railroad rights-of-way or streets and alleys. See Sec. 388.210 and Sec. 26, Art. I, 1945 Const. as to railroads; Secs. 71.250, 88.637, 88.673 as to streets. On the contrary, a school district is a body corporate with power to own and sell real estate. See Sec. 165.197 and Sec. 166.010; see also State ex rel. Lowe v. Henderson, 145 Mo. 329, 46 S.W. 1076; School District of Oakland v. School District of Joplin, 340 Mo. 779, 102 S.W.2d 909; annotations 5 A.L.R. 1501, 39 A.L.R. 1340. Section 165.197 recognizes a district's title as "the full legal and equitable title". Section 166.010 states "The title of all schoolhouse sites * * * shall be vested in the district" and recognizes its right to sell. We have also held that a school district can acquire title to land by adverse possession. Consolidated District No. 4 of Jackson County v. Glandon, 363 Mo. 1, 247 S.W.2d 770. We, therefore, hold that a school district can hold and sell the fee simple title and that the easement cases cited are not applicable to the situation herein involved.

Of course, plaintiffs must succeed upon the strength of their own title; therefore, if they failed to prove that they obtained any title to the land involved by the deed made to them in 1949, then they have no interest in this land and are not aggrieved by and may not complain of the judgment adjudging title in defendant. Baugh v. Grigsby, Mo.Sup., 286 S.W.2d 798; Harrington v. Muzzy, Mo.Sup., 258 S.W.2d 637. Clearly that is plaintiff's situation because their deed definitely excepted the school lot and, since as we have held a school district is not limited to an easement, they got no title to it. In this case, there is no basis whatever for holding that the defendant had only an easement. Thus

there can be no issue before us as to the correctness or validity of the trial court's judgment quieting title in defendant.

The judgment is affirmed.

All concur.