**LA GRANGE REORGANIZED SCHOOL DISTRICT NO. R–VI, Respondent,**

v.

**Noel SMITH, Appellant.**

**No. 46481.**

Supreme Court of Missouri,

Division No. 2.

April 14, 1958.

J. Andy Zenge, Jr., Canton, for appellant.

Earl L. Veatch, Monticello, for respondent.

BARRETT, Commissioner.

LaGrange Reorganized School District No. R-VI, successor to the Walnut

Grove School District, instituted this action against the appellant, Noel Smith, and the unknown heirs and devisees of Sewellyn Brown and others. Mr. Smith was the only party defendant to file an answer and contest the plaintiff's several claims. The school district's suit was in four counts: (1) to quiet the title to a plot of ground containing .48 of an acre; (2) ejectment and damages for wrongful withholding; (3) trespass to the plot of ground and the buildings and $200 damages for the trespass; and (4) an injunction against Smith's entering the premises and razing the buildings. The trial court found all issues for the plaintiff, found that Smith had no right, title or interest in the property, canceled his deed to the .48 of an acre, and quieted the title in the school district. The court enjoined Smith from asserting any claim to the property and awarded the district one dollar as damages. Upon his appeal Mr. Smith briefs and argues but two questions: first, that the court erroneously quieted the title to the land in the school district, and, second, erroneously held that the district owned the buildings on the land and hence could not award the district damages. Since these are the only points briefed and argued all other questions are deemed abandoned.

The Walnut Grove School and the plot of ground involved here is south of La-Grange on U. S. Highway 61. The .48 of an acre is described by the parties as a part of a five-acre tract in the SE¼ SE¼ sec. 26, T. 60, R. 6 W, in Lewis County. In August 1938, Mr. Smith purchased the described quarter section of land, which included by description the five-acre tract, from Marzel Sanderson. This record and that part of his abstract of the title dictated into the record shows that Sanderson's predecessors in title acquired the land by warranty deed in 1880 and from that date thenceforward the various owners had executed conveyances and deeds of trust which described the entire tract including the land in dispute in this action.

The appellant Smith also proved that the entire tract had been assessed for tax purposes to him and his predecessors since 1880 and that he had paid the taxes for the years 1951 to 1956 inclusive and, perhaps, since 1938.

Admittedly the Walnut Grove School District has been in existence for more than seventy years and during that entire period there has been a school building and appurtenant outbuildings on the .48 acre plot. The plot is fenced on two sides and has been for years. In 1923 there was a district bond issue; the old building was razed and the present building constructed. Throughout the years, until the end of the 1953–1954 school year, classes were held in the school building and it was used for general school purposes. At the end of that term the pupils attending Walnut Grove School were transferred to La-Grange. Since 1954 an old upright piano, a stove, a few desks and some miscellaneous school property of little value have been stored in the school building, and the building has been padlocked and insured by the district.

In these circumstances the appellant Smith urges that there was no basis for the court's finding and decree that the school district had established title to the .48 acre plot by adverse possession. He insists, since the record fails to show that the district ever had a deed to the property, that it had no color of title and therefore could not establish title by adverse possession. In any event it is said that there was no proof that the district's possession was hostile or that it was claiming a fee simple title "under claim of right," hence its conduct and occupancy were in recognition of the appellant's title and permissive. In this connection it is argued that there was no manifest "intent" throughout the period to hold or claim adversely to the rightful owner and that its use and occupancy for school purposes only was entirely consistent with ownership in another. And, finally, it is urged that the fact of record title in him and his predecessors, the as-

sessment of the entire tract for tax purposes since 1880 and his payment of the taxes for five years or more repel all possible inferences of adverse possession.

█ There are on both sides a good many gaps and breaks in this record. There is no proof or stipulation that the equitable or any other title "emanated from the government more than ten years" (V.A. M.S. § 516.070), the parties appear to have assumed the fact, perhaps it is a permissible inference from the fact of the appellant's title as far back as 1880. Compare Miller v. Medley, Mo.Sup., 281 S.W.2d 797, 800–801. Title having emanated from the government, color of title is not necessarily an essential prerequisite to the establishment of title by adverse possession under this statute, the essential fact and element is "lawful possession * * * for thirty consecutive years." V.A.M.S. § 516.070. There is no proof that the district ever had a deed or any other muniment of title to the .48 acre plot, but it does appear, unquestionably, that it had occupied and been in possession of the plot, prior to 1954, continuously for seventy years or more. Furthermore, there is no evidence whatever that the district's original occupancy and subsequent use of the plot were permissive. Feeler v. Reorganized School Dist. No. 4, Mo.Sup., 290 S.W.2d 102, 105. In these initial general circumstances, as emphasized in the easement cases, there being no conclusive proof of a license or of an easement, whether the use was prescriptive in character or permissive only is of necessity a fact to be inferred and determined from the circumstances. Gibson v. Sharp, Mo. App., 277 S.W.2d 672; Jacobs v. Brewster, 354 Mo. 729, 190 S.W.2d 894. The mere taking possession of land on the theory that passage of the requisite statutory period of time alone will ripen into title (Riebold v. Smith, Mo.App., 150 S.W.2d 599, 602), or the mere known occupancy of another's land even for a period of years are not necessarily adverse in the sense necessary to create a prescriptive right (Mil-

ler v. Berry, Mo.App., 270 S.W.2d 666, 668), but, as stated, there is no evidence here that the district's original occupancy and use were permissive.

█ The test here, as in other prescription cases, of adverse use is the district's manifest intention initially and subsequently to hold in nonrecognition in those against whom the land is claimed the right to terminate the use and possession. Gibson v. Sharp, supra. The district's use and occupancy were open and well known for over seventy years. The character and quality of the use, naturally, were not of the same type and character that individuals might normally make of land, but it was the character of dominion and use normally exercised and made of property by a school district. 78 C.J.S. Schools and School Districts § 259, p. 1236. School was conducted there year after year, a bond issue was floated, the old building was razed and a new one constructed, playground equipment was installed and, as stated, the district insured the building and padlocked it after the transfer of its pupils. In short, the whole property was subjected to the intensive use and purpose for which it was adapted. Miller v. Medley, supra.

In addition to its manifest intention in these respects, in 1931 the district executed a deed and conveyed a ten-foot strip across the west side of the plot to the state of Missouri for the purpose of widening the highway, indeed a fact in nonrecognition of title in another and inconsistent with permissive use. Consolidated Dist. No. 4 v. Glandon, 363 Mo. 1, 247 S.W.2d 770. In the same year the appellant's predecessor, Sanderson, conveyed the adjoining or contiguous strip off the west side of his property to the state. The appellant's proof shows that he paid taxes for some period of time, that the entire tract was assessed against his predecessors, but there is no proof that his predecessors paid any such taxes. The appellant does not claim by ad-

verse possession, his claim is solely one of legal title and his proof only supports that claim. In all the years, up to 1954, he did not exercise any dominion over the property. On occasion, "when we would be plowing down there," he left plows, discs and farm machinery in the school yard and in "the last year and a half" he had a "combine stored down there."

In August 1955, the school board adopted a resolution to advertise "the Walnut Grove School building" for sale. Accordingly the property was advertised and in September a sale was conducted at which the appellant bid $120 for the schoolhouse and outbuildings but the board rejected his bid. The appellant repeatedly says that he told the board members, at the sale and elsewhere, that he owned the land. (Incidentally, in the seventy years until Mr. Smith's claim in 1953–1954, there had never been any question as to the actual ownership of the land and so the district had never had prior occasion other than by its conduct throughout the years to legally assert and prove its ownership.) However, on direct examination he said he asked them, "Are you selling just the schoolhouse and the outbuildings, including the land?" They said, "No, we are selling just the schoolhouse and the buildings." He inquired, "Well, do the persons buying the schoolhouse and buildings have to remove them?" They replied, "Yes, they have got to remove them and clean all the rubbish and clean it up down to the land, * * * We are just selling the buildings only." He had never carefully examined the building until after the unsuccessful bidding and the board's subsequent offer to accept his bid, at which time he found that it was not wholly a wooden structure but was stucco. From these circumstances the appellant draws inferences unfavorable to the district's claim of adverse possession. Even so, and even though he told the board members at the sale that he owned the property "and I went down to remove the building" and in this connection attempted to explain his original query, other inferences, recognition that the school district owned the land, are permissible from this particular testimony. Eld v. Ellis, Mo.Sup., 235 S.W.2d 273, 276.

It is not necessary to further illustrate all of the possible inferences, favorable or unfavorable to either party; upon this review anew (City of Kirksville v. Young, Mo.Sup., 252 S.W.2d 286) it can only be said that the trial court's specific findings of fact in favor of the district and its claim of title by adverse possession are so supported by the record that this court could not with confidence make another, contrary finding. Consolidated School Dist. No. 4 v. Glandon, supra; Feeler v. Reorganized Dist. No. 4, supra.

The appellant's proof does not show that the district claimed title through his predecessors, hence he does not claim either the land or the buildings by reason of a reverter clause in a deed. 78 C.J.S. School and School Districts §§ 264, 268, pp. 1245, 1248. As to the land, adverse possession for the statutory period establishes an indefeasible legal title in the possessor, the title of the record owner is divested and, unlike the easement cases, that title is not lost by abandonment (Feeler v. Reorganized Dist. No. 4, supra; 1 Am.Jur., Secs. 11, 13, pp. 796, 797; 2 C.J.S. Adverse Possession §§ 199–201, 208, pp. 803, 807) or mere failure to assert title after it has been perfected. Journey v. Vikturek, Mo.Sup., 8 S.W.2d 975, 979. The district, having title to the land, was under no duty to remove or sell the buildings and the appellant, not having purchased the buildings, had no right to remove the board's padlock, install a lock of his own, or employ others to tear up and remove the flooring of the schoolhouse or assent to another's removal of the outbuildings, and of the award of nominal damages, one dollar, in these circumstances the appellant is in no position to complain. School Dist. No. 24 v. Mease, Mo.App., 205 S.W.2d 146.

In all the circumstances and for the reasons indicated, the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM..

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.