Gilbert F. ORTMEYER and Virginia Ortmeyer, Plaintiffs-Appellants,

v.

Roger Lee BRUEMMER and Grace Marie Bruemmer, et al., Defendants-Respondents.

and

Walter C. Plefke, et al., Third-Party Defendants-Respondents.

No. WD 34850.

Missouri Court of Appeals, Western District.

Oct. 30, 1984.

Robert L. Hyder, Jefferson City, for plaintiffs-appellants.

Michael Riley, Jefferson City, for defendants-respondents.

Kenneth E. Weinfurt, Kansas City, for third-party defendants-respondents.

Before PRITCHARD, P.J., and MANFORD and NUGENT, JJ.

NUGENT, Judge.

Gilbert F. Ortmeyer and Virginia Ortmeyer appeal from a circuit court dismissal at the close of plaintiffs' evidence of their action to quiet title to a small tract of realty and for injunctive relief based upon adverse possession or parol gift. We reverse in part and affirm in part.

This case involves a dispute over the ownership of a .92 acre tract located on Bruemmers Island in the Osage river and over the right to use the only roadway leading to the tract. The Ortmeyers filed their action to quiet title and for injunctive relief in the circuit court claiming ownership and title based on adverse possession or parol gift. They also claim a right to use the road leading to the cabin and ask for an injunction prohibiting the Bruemmers from blocking the road leading to the disputed tract.

The court tried the case without a jury and at the close of plaintiffs' evidence sustained defendants' motion for a directed verdict.[1] The court also found that plaintiffs, having failed to carry their burden to show ownership of the disputed tract by adverse possession, have no right to use the road leading to it.[2]

The record reveals the following: In 1955 Annie Bruemmer owned a farm which included a forty-acre island in the Osage River. At trial, plaintiffs offered to prove by the testimony of Bob Roark that he was present in 1955 when Annie Bruemmer gave her grandson, Francis (Bud) Van Loo, a tract of land on the island, telling him to pick out an acre of ground that was not being farmed and to build a cabin on it. Many, many times she told him to get the acre surveyed, but Bud would say, "I don't have the money, as soon as I get the money I'll get it done."

Plaintiffs also offered the testimony of Annie's son, Joe Bruemmer, to the effect that in 1955 his mother made a gift of the island tract to Bud and his wife (now plaintiff Virginia Ortmeyer). On the offer of proof, he testified that "Bud and Sis come over to the house and mom told him he could have a piece of ground anywhere he wanted on that island." The oral gift was

---

1. Since this case is of an equitable nature and tried to the court, the correct motion would have been one to dismiss. We here treat the case as though it had been decided on the basis of such a motion. Rule 72.01; *Brassfield v. Allwood*, 557 S.W.2d 674, 677 (Mo.App.1977).

2. Dismissal of plaintiffs' case obviated a specific ruling by the trial court on the question whether plaintiffs' title is subject to the two mortgages of the Federal Land Bank and the Farmers Home Administration, third-party defendants. The court also dismissed Count II of plaintiffs' petition.

made during conversations Annie had with Bud Van Loo at the "kitchen table." Plaintiffs attempted to show the oral gift of land by still a third witness, Charles McDaniel. He testified in an offer of proof that in his presence Annie Bruemmer told Bud to pick out a place on the island and build a place for himself and his family.

To all of this testimony about the oral gift defendants interposed the objection [3] that plaintiffs were attempting to prove an oral conveyance of land in violation of Missouri's Statute of Frauds, § 432.010.[4] The court sustained those objections.

Plaintiffs' evidence tended to prove that in 1955 or 1956, after the alleged gift, the Van Loos selected and cleared a wooded .92 acre tract on the island and there built a cabin atop concrete pillars. The tract was never fenced or otherwise identified except that it was bounded by uncleared natural growth of trees. Neither Van Loo nor the Ortmeyers ever had the tract surveyed until after this case was filed. They never received a deed to the land nor any other written evidence of their claim.

Plaintiffs' proof showed that Virginia and Bud Van Loo occupied the land as a weekend and vacation home until his death in 1967. In 1968 the Ortmeyers were married and continued the occupancy and use of the land. The cabin was connected for electrical service and ultimately was improved by the addition of a bathroom with a shower, a large bedroom, a well, siding, expansion of the original cabin, a new roof, an equipment shed, and the improvement of the road leading to it, all at plaintiffs' expense, the Ortmeyer improvements alone costing about $7,000. The cabin was furnished with a refrigerator, a deep freeze, a stove and hot water heater, beds and tables. Only the members of the family had keys to the cabin doors, which were kept locked.

Defendants Roger Lee Bruemmer and Grace Marie Bruemmer are undisputed owners of the rest of the forty-acre island. They also own the 290-acre mainland Bruemmer farm, which they acquired by deed from Roger's father, Ralph Bruemmer, who in 1958 had acquired his title from his mother, Annie Bruemmer.

The defendant Bruemmers do not dispute the continued occupancy of the disputed tract by the Van Loos and then the Ortmeyers from 1955 to 1980. They used the property during those years without protest or any interference from any of the Bruemmers. On many occasions, in the operation of the farm the Bruemmers crossed the tract on the road which led to their field on the island without protest from the Van Loos or the Ortmeyers. In 1980, however, defendant Roger Bruemmer locked a gate across the roadway leading to the cabin. Claiming ownership of the disputed tract, he also changed the locks on the cabin. At trial the defendants' questioning of the witnesses indicated that they would take the position that the plaintiffs' occupancy of the tract was merely permissive, that plaintiffs possession was not hostile to the Bruemmers' ownership, that it was neither exclusive nor continuous and that the precise boundaries of plaintiffs' claim were never established.

Virginia Ortmeyer testified that she and her husband (apparently referring to Francis Van Loo) had attempted a number of times to get a deed to their .92 acre tract from Ralph and Floretta Bruemmer. They never declined to sign such a deed but told her that they had to wait until Annie Bruemmer had been dead ten years. Later the Bruemmers told her that they could not find the point "where to survey." She

---

**3.** When Mrs. Ortmeyer offered to testify regarding a transaction with the deceased Annie Bruemmer, the court sustained defendants' objection that the Dead Man's Statute prohibited her testimony. However, when three non-party witnesses to the transaction were questioned about it, defendants objected that such testimony was a "violation of the parol evidence rule. You cannot have a conveyance of land by parol evidence." The court took defendants' objections as invoking the Statute of Frauds, not the parol evidence rule. A trial brief would have helped.

**4.** All sectional references herein are to Revised Statutes of Missouri, 1978.

described Ralph and Floretta as her "friends." They had never either acknowledged or denied that the tract was the Van Loos. She said that "they let us build and didn't tell us it was not ours."

She also stated that until 1980 her relationship with defendant Roger Bruemmer had always been friendly. On one occasion in about 1979, Roger called Virginia Ortmeyer to request the use of the cabin for a bachelor's party for one of his friends. The Ortmeyers let him use it, but sent her son Tom Van Loo to chaperone the party.

Virginia testified that the first time the plaintiffs ever heard of Roger Bruemmer's claim of ownership of the disputed tract was in 1979 or 1980, shortly before he locked them out. He called them to his house and requested that they sign a lease, thereby recognizing him as the owner and their landlord. Roger's father, Ralph, had never advised the Van Loos or the Ortmeyers of any interest he had in the property, nor had he ever asked for the use of the cabin. The Van Loos and the Ortmeyers had never had to be given permission to use the road to go down to the island. Ralph had said that it was an "open road," and many people used it to go down to the gravel bar on the island. The only use either Ralph or Roger Bruemmer made of the disputed land was to cross it on the road to their field. Otherwise, they never came to the cabin or the tract unless invited. She testified that, but for the Bruemmers traversing the road, the plaintiffs and the Van Loos had exclusive use of the .92 acre tract.

Witnesses Bob Roark, a lifetime friend of Bud Van Loo, Joe Bruemmer (uncle of both Bud Van Loo and defendant Roger Bruemmer), and neighbors and friends Charles McDaniel, Gary Davidson, Paul Hunton, and Walter Schoperle all testified that they had done work for the Van Loos in clearing the land and building and improving the cabin over the years after 1955. They identified the area shown on the survey map as the land occupied during those years by the Van Loos and the Ortmeyers as their property.

On several occasions in the years before 1980, the Bruemmers borrowed upon the security of the farm, including, apparently, the disputed tract and the cabin on the island. The record does not show whether the applications for those loans revealed the improvements on the island. At the time this action was filed, the Federal Land Bank and the Farmers Home Administration held notes secured by deeds of trust conveying the farm including all of Bruemmers Island. The trustees named in those deeds of trust and the two federal agencies were joined as parties. At trial the United States Attorney represented them.

The scope of our review is set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. 1976) (en banc). In this case, we find that the circuit court erroneously applied the law in excluding plaintiffs' evidence of Annie Bruemmer's alleged gift or conveyance of the disputed tract to Francis and Virginia Van Loo. Since no findings of fact and conclusions of law were made, all issues are deemed to have been decided in accordance with the judgment.

The Ortmeyers raise several points on appeal. As we understand their brief, they claim that the trial court erred in excluding the testimony of the non-party witnesses concerning Annie Bruemmer's alleged gift to the Van Loos. They also assert that they are owners of the tract by adverse possession or valid contract. We hold that the trial court committed prejudicial error in refusing to admit the testimony concerning the transaction. Therefore, the case must be retried.

On appeal, the Ortmeyers assert that the trial court erroneously applied Missouri's Dead Man's Statute, § 491.010, in excluding the questioned testimony of the non-party witnesses. But, as the defendants correctly point out, the evidence was excluded on the grounds that plaintiffs were attempting to show an oral conveyance of realty in violation of Missouri's Statute of Frauds, § 432.010.

To reduce confusion on retrial, we address plaintiffs' contentions.

## I.

■ The witnesses whose testimony was limited were not parties to this suit; they were disinterested, having no legal interest in the transaction between Annie Bruemmer and the Van Loos. Therefore, they were not incompetent under the Dead Man's Statute. § 491.010; *see Hunter v. Norton*, 412 S.W.2d 163, 165 (Mo.1967); *Beckers-Behrens-Gist Lumber Co. v. Adams*, 311 S.W.2d 70, 73 (Mo.App.1958).

■ As we have noted, the court construed the defendants' objection to the testimony as one based on the Statute of Frauds, § 432.010. The defendants complained that plaintiffs were attempting to introduce evidence of an oral conveyance of land. Plaintiffs argued at trial that the evidence was admissible because "[t]here can be a valid conveyance ... of real property if there are immediate improvements made pursuant to that commitment ...." Plaintiffs' original argument is a correct statement of the law. The evidence was admissible on that basis.

Missouri courts long ago settled this question. In *Kille v. Gooch*, 184 S.W. 1158, 1160 (Mo.1916), the court said, "In order that a parol gift of land may become effective and pass to the donee the equitable title thereto, it is necessary that possession should be taken under and pursuant to the parol gift." The court in *Kille* principally relied upon *Dozier v. Matson*, 94 Mo. 328, 332, 7 S.W. 268 (Mo.1888), which at 270 of 7 S.W. more fully sets forth as follows the elements required for a valid parol gift of realty:

It is well settled that where a party has been placed in possession of a tract of land, and, on the faith of an oral gift of the same to him, has made valuable and lasting improvements thereon, this is a sufficient basis upon which the donee may compel a conveyance to him of such land. When he does this it constitutes a valuable consideration, and he stands before a court of equity *in the attitude of a purchaser*, and with equal rights and remedies; the donee's *status* in such a case falling within the domain of the doctrine of part performance. (Emphasis added.)

Since consideration and part performance as consideration are not necessary to the validity and completion of a gift, we take it that the courts in *Dozier* and in *Kille* were analogizing the gift of land to the contract for sale of land when they spoke of part performance by improvement of the land. In those cases, the only real concern of the courts would be the proof of acceptance of the gift, because ordinarily a gift is not complete until accepted. *See In re Estate of Wintermann*, 492 S.W.2d 763, 767–68 (Mo.1973). "Part performance", that is, improvement of the land, constitutes and most importantly is evidence of the donee's acceptance. Moreover, in the absence of a deed of conveyance, it constitutes some evidence of the gift and conveyance itself.

Other states have also addressed this issue. In *Hurley v. Painter*, 180 Kan. 552, 306 P.2d 184, 188 (1957), the court held that a parol gift of realty followed by possession and lasting and valuable improvements is valid, and may be enforced against the donor or anyone else. *See also, Hill v. Bowen*, 8 Ill.2d 527, 134 N.E.2d 769, 774–75 (1956); *French v. French*, 125 Ariz. 12, 606 P.2d 830, 833 (App.1980). The basis for this doctrine is estoppel and the prevention of fraud. *Root v. Mecom*, 542 S.W.2d 878, 879 (Tex.Civ. App.1976).

The real question before us is one of the admissibility of evidence. The foregoing cases discuss the elements of a valid parol gift and not the issue of the admissibility of evidence showing the gift. But, if as a matter of substantive law the courts recognize the validity of a parol gift and conveyance of title, a fortiori, the evidence of a parol gift like evidence of any other act of the donor is admissible. The excluded evidence here was relevant and material, central to the showing of the gift. Thus the court committed prejudicial error in excluding it. If upon retrial the plaintiffs again offer the excluded evidence of the transaction between Annie Bruemmer and the Van Loos, it must be admitted. Then, if the

plaintiffs establish a valid parol gift of the land to the Van Loos, under the *Kille v. Gooch* rule Mrs. Ortmeyer will be entitled to a decree declaring title in her without the further necessity of establishing title by adverse possession.

## II.

As we understand plaintiffs, they argue in the alternative that they have title to and are owners of the tract by adverse possession beginning in 1955 and 1956 with the clearing of the land and erection and improvement of the cabin and their occupation continuing for more than ten years after the Ortmeyer marriage in 1968.

■■■ The excluded evidence of Annie Bruemmer's oral gift of the land was also admissible on this issue to show the character of plaintiffs' possession. The rule in this state is that where one is put in possession of realty under a parol gift, the possession is adverse from its inception. *Consolidated Dist. No. 4 of Jackson County v. Glandon*, 363 Mo. 1, 247 S.W.2d 770, 772 (1952); *Hoelmer v. Heiskell*, 359 Mo. 236, 221 S.W.2d 142, 145 (1949). As we have already held, where the substantive law recognizes the validity of an oral gift of land and its efficacy as a conveyance of fee simple title, evidence of the making of the gift is admissible. *Cf. Swope v. Ward*, 185 Mo. 316, 84 S.W. 895, 897 (1904).

■■■ Although declarations by the possessor of land cannot prove title, where one claims title by adverse possession, even his declarations are admissible to show the character of the possession and the intent with which the claimant took possession. *White v. Wilks*, 357 S.W.2d 908 (Mo.1962); *Stephens v. Fowlkes*, 338 Mo. 527, 92 S.W.2d 617, 620 (1936); *Heynbrock v. Hormann*, 256 Mo. 21, 164 S.W. 547 (1914); *Swope v. Ward, supra,* 84 S.W. at 897. *See Anderson v. McPike*, 86 Mo. 293, 299 (1885).

In those cases a party offered the declarations of the adverse possessor. In our case, however, plaintiffs sought to introduce third-party testimony of Annie Bruemmer's oral gift of the tract to the Van Loos. Her declaration, like that of the adverse possessor's, is admissible to show the *character* of their possession, thus establishing the "hostility" element of their claim. *See, Swope v. Ward, supra,* 84 S.W. at 897; *Consolidated Dist. No. 4 of Jackson County v. Glandon, supra,* 247 S.W.2d 772.

■■■ Moreover, at one time self-serving declarations expanding title by an adverse possessor were excluded, whereas declarations limiting title were admitted. That distinction has been eliminated, and now both are admitted. *See, Heynbrock, supra,* 164 S.W. at 549. We assume that no one will quarrel with the self-evident proposition that, if the declarations of *adverse possessors* are admissible to show the character of their possession, the declarations against interest of the *donor* of land are likewise admissible. In our case, Mrs. Bruemmer's declarations limited her title and are, therefore, certainly as acceptable as the self-serving statements admitted in *Heynbrock* and subsequent cases.

## III.

The trial and appellate record in this case make clear that at best both parties are confused as to the elements needed to establish adverse possession. To provide direction in the retrial of this case, we think it advisable to outline the necessary elements as they relate to these facts.

■■■ Five elements are necessary to establish title to realty by adverse possession. A recent decision, *Teson v. Vasquez*, 561 S.W.2d 119 (Mo.App.1977), clearly lays out the requirements of the doctrine. The essential and overriding consideration is that the possessor's occupancy be truly adverse and in opposition to the title of the record owner, that the claimant intend to occupy it as his own and not in subordination to the rights of others. *Id.* at 125. This "adverseness" may be shown by proof of the following five factors.

■■■ *First*, the adverse possessor must have actual possession of the proper-

ty. *Id.* at 126. "Actual possession" is a legal concept which consists of two things: an ability to control the area and physical possession coupled with an intent to exclude others from taking possession. *Hedgpeth v. Maddux,* 366 S.W.2d 314, 316 (Mo.1963). The evidence needed to show "actual possession" varies from case to case because each piece of property is considered unique, and each case must be decided on its own particular circumstances. Continual acts of clearing or the making of improvements are evidence of "actual possession." *Id.* In *Hamilton v. West,* 63 Mo. 93, 96 (1876), the court held that permanent and valuable improvements are strong indicia of the possessor's intent to hold adversely. Here the evidence indicates that the Van Loos and later the Ortmeyers made valuable improvements on the tract. Although by itself not conclusive, such action is strong evidence of their actual possession. Moreover, the boundaries of the tract they occupied were well-defined by the clearing of the woods and brush and the continued mowing. Each of the witnesses identified the area marked on the survey map as the cleared area the plaintiffs had used for over twenty-eight years.

*Secondly,* the possession must be "hostile," under a claim of right, the occupier possessing with the intent to claim the property as his own and not in subordination to the rights of another. *Teson v. Vasquez, supra,* 561 S.W.2d at 127. Defendants incorrectly maintain that color of title is necessary to make out the case, although without it only adverse possession of the area actually possessed is established. *Id.* at 126. But in Missouri when one is put in possession by means of a parol gift, his possession is adverse or "hostile" from its inception *Hoelmer v. Heiskell,* 359 Mo. 236, 221 S.W.2d 142, 145 (1949); *Consolidated Dist. No. 4 of Jackson County v. Glandon, et al., supra,* 247 S.W.2d at 772. Thus, if the Ortmeyers prove the parol gift by Annie Bruemmer, they will establish the "hostility" element of their case. But even without showing the parol gift they can still show hostility.

The key is that they establish that they intended to hold the property as their own and not in subordination to the rights of others. Here, plaintiffs' evidence showed that the Van Loos asked Ralph Bruemmer for a deed on more than one occasion based upon their claim of right as donees of Annie Bruemmer's oral gift.

 The *third* step in proving the "adverseness" of possession is a showing that the possession is "open and notorious." *Teson v. Vasquez, supra,* 561 S.W.2d at 127. The claimant must show that his occupancy was conspicuous, widely recognized by persons who regularly deal with the land or who reside in the area. This element serves the purpose of providing notice to the record owner of the possessor's adverse claim. *Id.* At trial, plaintiffs sought to introduce testimony of area residents that their occupancy was widely known in the area. The evidence was erroneously excluded as irrelevant. It was relevant to a showing that plaintiffs' occupancy was "open and notorious." In addition, where the true owner has actual knowledge that another is claiming in opposition to his title, the "notoriety" requirement is satisfied. *Id.* Here the evidence showed that the Van Loos asked Ralph for a deed. In addition, *if* the Ortmeyers establish that Annie Bruemmer gave the tract to Bud Van Loo (or the Van Loos jointly), then they will have shown that the true owner of the tract at that time had actual knowledge of their adverse claim. *Cf. Hoelmer v. Heiskell, supra; Consolidated Dist. No. 4 of Jackson County v. Glandon, et al., supra.* Finally, with regard to the "open and notorious" element, the fact that the Van Loos and the Ortmeyers cleared the land and placed improvements on it, if so, would aid in establishing the "notoriety" requirement. *Porter v. Posey,* 592 S.W.2d 844, 849 (Mo.App.1979). In *Porter,* the court held that the claimants' changing of the physical structure of the tract by clearing it and by building a driveway turnaround were sufficient acts of ownership to give the owner notice of their claim and thus their claim was "open and notorious."

 *Fourth,* the possession must be "exclusive." The possessor must possess for his own use and not for another's. *Ross v. McNeal,* 618 S.W.2d 224, 227 (Mo. App.1981); *Teson v. Vasquez, supra,* 561 S.W.2d at 127. The fact that the Van Loos and the Ortmeyers may have permitted others to cross the tract or lent the cabin for a one-time use would not defeat the exclusivity of their possession. The adverse claimant does not possess for another where he permits others to use the property for a time. The key is that his overall possession be for his own use, and sporadic temporary uses by others do not defeat the claimant's possession for his own use. *Id.* Defendants' brief incorrectly asserts, "There was never any contention that appellants ever had exclusive possession of the land ...." That assertion ignores the unequivocal testimony of Virginia Ortmeyer that the ground was not open to the use of the Bruemmers. She specifically testified that the Van Loos and the Ortmeyers had the exclusive use of the tract and cabin except to the extent that the Bruemmers used the road across the tract to get to their corn field. She stated that the Bruemmers otherwise never came on the land without invitation. They only used the tract to cross over to the farm land. Gilbert Ortmeyer also testified that when defendant Roger Bruemmer wanted to use the cabin he called and asked for permission to use it and the Van Loo-Ortmeyer family kept the key under their control and sent son Tom to chaperone the bachelor's party.

 *Finally,* to be "adverse", the possession must be "continuous" without lapse for the entire ten year statutory period. *Id.* Here the evidence indicated that the Van Loos possessed the property for the requisite time period and that later the Ortmeyers were possessors for an additional ten-year period. The issue then is whether their possession was "continuous" for purposes of adverse possession. As with every element of adverse possession, this issue must be resolved in light of the location, character and use to which the land in dispute may reasonably be put. *Id.*

at 125. The Van Loos and Ortmeyers used the property as a week-end and vacation home throughout the year according to their evidence. The evidence indicated that the land is river island property which is subject to flooding but reasonably suitable for farming and apparently for some type of year-round week-end vacation and fishing retreat. Temporary absences without an intent to abandon will not break continuity but intermittent and sporadic occupancy will. *Hubbard v. Swofford Bros. Dry Goods Co.,* 209 Mo. 495, 108 S.W. 15 (1907); *Teson v. Vasquez,* 561 S.W.2d at 127. In light of the nature and character of the disputed property here, the plaintiffs' temporary absences from the property would not appear from the plaintiffs' evidence to break the continuity of their possession, but that continuity can be defeated if the possession is found to be sporadic.

 The adverse claimant must also establish the precise location and boundaries of the property claimed. *Id.* After this action began, the plaintiffs had a survey of the disputed tract made and at trial the parties recognized it to be accurate. Several witnesses testified that the survey accurately reflected the area claimed by the Ortmeyers.

 The Bruemmers emphasize that they have paid taxes on the property while the Ortmeyers have not. Their reliance is misplaced because the payment of taxes does not create title, and non-payment does not defeat title. *Slentz v. Cherokee Enterprises, Inc.,* 529 S.W.2d 495, 498–99 (Mo. App.1975).

## IV.

 The parties have paid scant attention to a question which may haunt a new trial. If the plaintiffs succeed on their claim, they still need to establish exactly who has what interest in the property. Evidence was offered that the deceased Francis Van Loo and Virginia Van Loo, now a plaintiff, were co-donees of the property. In this state, conveyances to husband and wife as joint grantees during coverture or-

dinarily create a tenancy by the entirety, *Estate of Armack v. State,* 561 S.W.2d 109, 111 (Mo.1978) (en banc). In *Armold v. Lang,* 11 F.2d 630, 632 (E.D.Mo.1926), the district court held that a tenancy by the entirety exists when husband and wife are co-donees of an oral gift of real estate.

As we have shown, however, the possibility remains that the plaintiffs will prevail on the basis of adverse possession. Francis and Virginia Van Loo were in joint possession and thus the issue may arise whether the title they may have acquired by their possession was as tenants in common, joint tenants, or tenants by the entirety. Section 442.450 provides that a grant or devise to two or more persons, except executors and trustees and husband and wife, creates a tenancy in common unless the grant or devise expressly declares the interest to be a joint tenancy. That statute has been construed as not changing the common law rule that joint grants or conveyances to husband and wife are presumed to create a tenancy by the entirety. *Nelson v. Hotchkiss,* 601 S.W.2d 14 (Mo. 1980) (en banc) at 19. But in cases of adverse possession we are not dealing with the usual grant or devise, and the question becomes what estate is created when husband and wife jointly possess property and acquire title by adverse possession. Extensive research has revealed little case law on this issue and none in Missouri. In *Preston v. Smith,* 41 Tenn.App. 222, 293 S.W.2d 51 (1956), the court held that where husband and wife acquire title jointly as adverse possessors a tenancy in common is created. That decision has been criticized by several law review commentators on the ground that the court should have held a tenancy by the entirety was created since the Tennessee rule was that conveyances of realty to a husband and wife jointly create a tenancy by the entirety. *Real Property—Adverse Possession by Husband and Wife does not ripen into a Tenancy by the Entirety,* 10 Vand.L.Rev. 460 (1957); *Real Property: Cotenancy: Husband and Wife: Adverse Possession: Preston v. Smith, 41 Tenn.App. 222, 293*

*S.W.2d 51 (1956),* 43 Corn.L.Rev. 134 (1957).

In Missouri, a conveyance to husband and wife jointly is presumed to create a tenancy by the entirety, but this presumption is rebuttable. *Nelson v. Hotchkiss, supra,* 601 S.W.2d at 18–19. The Missouri rule has been in place for many years. Although the cases deal with conveyances by deed or devise and not adverse possession, we believe that simple consistency is better in this rare situation. Accordingly, we hold that joint possession by husband and wife resulting in ownership by adverse possession creates a rebuttable presumption of tenancy by the entirety.

The result is that if the gift is found to have been made to Francis and Virginia Van Loo or if they are found to have acquired title by adverse possession before he died, then, presumptively, on Bud Van Loo's death the plaintiff Mrs. Ortmeyer took the entire interest. *See, Nelson v. Hotchkiss, supra,* 601 S.W.2d at 18–19. Of course, if the evidence fails to establish title by adverse possession in the Van Loos it may nevertheless show it in the Ortmeyers by adverse possession in which case, presumptively, they would hold as tenants by the entirety.

**V.**

Although the case must be retried on the issue of the superiority of the plaintiffs' title over the Bruemmers', plaintiffs are not entitled to a new trial on the question of the interests of the third-party defendants. The Bruemmers do not deny that what they own is subject to the mortgages. For the reasons that follow, we hold that, if the court upon retrial decides that Virginia Ortmeyer or both the Ortmeyers own the disputed tract, it too is subject to the mortgages of the third-party defendants.

The Ortmeyers concede that they have no deed or recorded evidence of their alleged ownership. The effect of the Missouri recording statute is that subsequent

bona fide purchasers of realty with no actual notice of an unrecorded interest in that realty take free of that unrecorded interest. §§ 442.380; 442.390; 442.400; *Henson v. Wagner,* 642 S.W.2d 357, 360–61 (Mo.App.1982). Here, the record shows that the mortgagees' interests were acquired after the acquisition of any interest of the plaintiffs and that valuable consideration was given for the mortgagees' interests. In Missouri, for some purposes mortgagees are treated as bona fide purchasers. *Dreckshage v. Community Federal Savings and Loan Assoc.,* 555 S.W.2d 314, 322 (Mo.1977) (en banc). In *Henson v. Wagner,* the court quoted from Eckhardt and Peterson, *Possessory Estates, Future Interest and Conveyances in Missouri,* 23 V.A.M.S. § 94 at p. 77, as follows: "In Missouri an unrecorded conveyance is void only as to any subsequent purchaser or mortgagee for valuable consideration and without 'actual notice;'...." Any unrecorded title of the Ortmeyers may be found to be void as to the third-party defendants if they did not have actual notice of the Ortmeyers' interest.

 Some confusion exists concerning what type of notice possession gives to third parties, but at trial the Ortmeyers failed to present even a scintilla of evidence showing that the third-party defendants had any notice at all of plaintiffs' adverse possession or occupancy. In a quiet title action, where each party is claiming title against the other party, the burden of proof is upon each party to prove better title than that of his adversary. The claimant must rely upon the strength of his own title and not upon any weaknesses in the title of his opponent. *Moise v. Robinson,* 533 S.W.2d 234, 240 (Mo.App.1975). The Missouri quiet title statute is very broad, providing that almost any issue concerning an interest in realty may be decided in a quiet title action. § 527.150. One seeking to quiet title or remove a cloud on title must succeed on the strength of his own

title. *Hall v. Hudgins,* 277 S.W.2d 637, 639 (Mo.1955). In this case, therefore, for the Ortmeyers' unrecorded interest to be unaffected by the after-acquired interests of the mortgagees, the mortgagees must have had the requisite notice of the Ortmeyers' interests. By adducing no evidence at all regarding notice to the mortgagees, the plaintiffs completely failed to carry their burden. Their interests, whatever they are and however acquired, are subject to the mortgages. Plaintiffs are not entitled to a new trial on that issue, and the judgment of the trial court in favor of the third-party defendants will be affirmed.

## VI.

 The Ortmeyers also assert that they have the right to use the roadway leading to the disputed tract. The trial court found that they have no rights of use since they were not owners of the property. The Bruemmers in their brief on this point state, "However, the facts are that if respondent [sic] is entitled to the land the road is the only way to get there. The useage of the road by appellants, the public and others along the road is adequately testified to. The only other access to the island is by water." Even though the Bruemmers maintain in their brief that they do not concede this point, their statement is a judicial admission of the fact that the roadway is the only access to the tract and that plaintiffs have acquired an easement over defendants' land. The evidence already received, if believed, was sufficient to establish a prescriptive easement. *Moravek v. Ocsody,* 456 S.W.2d 619, 625 (Mo.App. 1970).[5]

## VII.

 The plaintiffs raise several other points which we address to prevent confusion in a new trial. First, they claim that they are entitled to the property because of a valid contract conveying the property to them. They rely on the part performance

---

5. *Mitchell Eng'g v. Summit Realty Co., Inc.,* 647 S.W.2d 130, 142 (Mo.App.1982), holds that appellate briefs can be the source of judicial admissions. *Cf. Williams v. Ford Motor Co.,* 454 S.W.2d 611, 615 (Mo.App.1970).

exception to the Statute of Fraud's bar of oral conveyances of realty. The defendants assert that this theory was not presented at trial and cannot be raised on appeal. In fact, at trial plaintiffs did not appear to be relying upon a contract, that is, a promise to convey. But even if the issue was raised, the plaintiffs did not make out a case of part performance. *Morris v. Pike,* 545 S.W.2d 410, 412 (Mo. App.1976). Plaintiffs' evidence may show a gift of the realty or that they hold title by adverse possession. But, they did not clearly and definitely show the terms of any alleged contract, and their proof was not such as to leave no reasonable doubt that a contract was entered into, therefore, they failed to make a case of part performance. *Id.*

█ The court also dismissed plaintiffs' Count II. The Ortmeyers claim that this was erroneous but cite no authority to support their point on appeal. This point is not one of first impression, nor just a matter of logic or language construction, and citation to authority is appropriate. The point is therefore deemed abandoned. *Thummel v. King,* 570 S.W.2d 679, 687 (Mo.1978) (en banc); *Bishop v. Bishop,* 618 S.W.2d 261, 263 (Mo.App.1981). In addition, plaintiffs' point here lacks merit.

## CONCLUSION

Plaintiffs seem to have established by ample evidence both an oral gift of land and, in addition, their title by adverse possession. We should prefer to reverse the judgment outright and enter the judgment in favor of the plaintiff Virginia Ortmeyer against the defendants Bruemmer, quieting title in Virginia Ortmeyer on either the basis of the gift or the adverse possession. We are constrained, however, by the strictures of the procedure in an equity case. *See M.H. Siegfried Real Estate v. City of Independence,* 649 S.W.2d 893, 895 (Mo. 1983) (en banc); *Shepard v. Shepard,* 353

Mo. 1057, 186 S.W.2d 472, 477 (1945); *Lee v. Smith,* 484 S.W.2d 38, 42 (Mo.App.1972); *Moser v. Williams,* 443 S.W.2d 212, 215 (Mo.App.1969); and *Hoynes v. Hoynes,* 218 S.W.2d 823, 828 (Mo.App.1949); Rule 67.-02.[6] The court in *Hoynes* described the problem presented to the appellate court in this way:

But what of the situation where the lower court, instead of deciding the case on the merits, has merely disposed of it by motion to dismiss at the close of the plaintiff's case? In that event the lower court has made no findings in regard to the truth of the evidence, but has simply declared as a matter of law that assuming the plaintiff's evidence to be true, such evidence has no substantial value as tending to support the issues tendered. *Healey v. Simpson,* supra [113 Mo. 340, 20 S.W. 881]; *Anthony v. Kennard Building Co.,* 188 Mo. 704, 87 S.W. 921. Consequently, if the appellate court should confine itself to the law question thus presented and should conclude that the lower court was wrong in its decision, it would logically have no recourse but to remand the case for a trial on the merits, something not ordinarily done in the appellate review of equity cases except for those rare instances where the evidence has not been sufficiently developed to enable the appellate court to determine the correct result.

On the other hand, Rule 67.02 specifically now provides that filing of a motion to dismiss at the close of plaintiff's case does not constitute a waiver of defendant's right to offer evidence. In the *M.H. Siegfried* case cited above, Judge Blackmar in an obiter dictum (649 S.W.2d at 895) has cautioned that any case suggesting that a defendant waives his right to offer evidence "would seem to be ill-considered." He further suggested that

trial judges should be very hesitant in sustaining such motions, and should consider the manifest advantage of hearing

---

**6.** Rule 67.02, Missouri Rules of Civil Procedure, provides in part as follows: "After the plaintiff has completed presentation of his evidence, the defendant may by motion move for a dismissal

on the grounds that upon the facts and the law plaintiff is not entitled to relief. The filing of such motion does not constitute a waiver of defendant's right to offer evidence."

all evidence that any party wants to offer, so that a complete record may be assembled and further trial proceedings avoided in the event of reversal.

 We conclude, therefore, that where the trial court has ruled such a motion to dismiss and has not required the defendant to present his evidence before entering judgment for defendant on the motion, the better practice for the reviewing court is to remand the case to the trial court for retrial so that the whole case may be heard by the court, including any evidence the defendant may have on the issues not disposed of on the appellate review. In fact, the appellate court may be *required* to remand for new trial in such circumstances, but we need not decide that now because, in this case, the record strongly indicates that the Bruemmers may have defenses to put forward which they have never had the opportunity to present because of the trial court's failure to withhold decision until the whole case was presented.

In closing, we note that, although the defendants requested findings of fact and conclusions of law, the trial court, in violation of Rule 73.01(a)(2), failed to make such findings. In this case findings of fact would have been most helpful. We have no idea, for example, whether the trial court found plaintiffs' evidence credible or incredible. (In the latter regard, counsel should note that Rule 73.01(c)(3) requires the appellate court to "consider admissible evidence which was rejected by the trial court and preserved." Here the testimony given by plaintiffs' witnesses on the offers of proof might have been before us for consideration if the trial court had complied with Rule 73.01(a)(2) and given as a finding that those witnesses were credible. In that event, cross-examination of such witnesses to test credibility would be most helpful to the reviewing court.)

For the foregoing reasons, we affirm the trial court's judgment dismissing plaintiff's action to quiet title as to the third-party defendants Walter C. Plefke, Trustee for the Federal Land Bank of St. Louis, and H.

Allen Brock, Trustee for the United States of America through the Farmers Home Administration, and we reverse and remand to the trial court for new trial plaintiffs' action as to the defendants Roger Lee and Grace Marie Bruemmer.

PRITCHARD, P.J., concurs.

MANFORD, J., dubitante.