**Betty CONAWAY and Cleburn Pendley, Plaintiffs–Respondents,**

v.

**Daniel M. FAULLER and Janet D. Fauller, his wife, Defendants–Appellants.**

**No. 72745.**

Missouri Court of Appeals, Eastern District, Division Three.

April 28, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 8, 1998.

Application for Transfer Denied Aug. 25, 1998.

Mary J. Lake, Hillsboro, for defendants/appellants.

Wegmann, Gasaway, Stewart, Schneider, Dieffenbach, Tesreau & Sherman, P.C., Nicholas G. Gasaway, Hillsboro, for plaintiffs/respondents.

KAROHL, Judge.

Defendants appeal judgment granting title to plaintiffs by adverse possession of approximately 3,075 square feet of Lot 9 purchased by defendants in 1991. We affirm as modified.

In September 1984, plaintiffs, Betty Conaway and Cleburn Pendley, as tenants, moved to "Lot Ten (10), Block Three (3) of AMENDED PLAT OF CEDAR ACRES ESTATES NO. TWO, Township Thirty-nine (39) North, Range Four (4) east, as shown by plat on file in the Jefferson County Land Records at Plat Book 58, Page 26" (Lot 10). In August 1985, Mr. Pendley entered into a contract for deed with the owners of Lot 10. Plaintiffs completed payments for Lot 10 in 1991. On December 18, 1991, the owners executed a warranty deed to Ms. Conaway only. On May 13, 1996, Ms. Conaway executed a quit claim deed for Lot 10 to herself and Mr. Pendley, as joint tenants with survivorship. Defendants, Daniel and Janet Fauller, began residing on Lot 9 in November 1991.

The disputed area is an irregularly shaped rectangle enclosing approximately 3,075 square feet. A copy of Exhibit 5, a survey, is attached.[1] Lot 9 lies east of Lot 10. Cedar Drive is the northern boundary of both lots. The lots are 100 feet wide along Cedar Drive and 200 feet deep. In 1985, Mr. Pendley put in a horseshoe pit on Lot 9, east of his mobile home. He placed a 12' × 12' metal shed on a concrete base on Lot 9. He also planted hedges east of the horseshoe pit. Except for these improvements, Mr. Pendley's other improvements were not in the disputed area for a period of 10 years before the lawsuit was filed on May 1, 1996. Other than grass seeding and the maintenance of the grass, no permanent improvements were placed south of the metal shed. At various times, a doghouse and a decorative wishing well were located south of the metal shed, but there was no evidence to support a finding they were there for ten years before the lawsuit.

Defendants raise one point on appeal. They contend the trial court erred in granting plaintiffs' title to the disputed area by adverse possession because the evidence failed to establish each element of adverse possession. Failure to establish one element of adverse possession will defeat the claim. *Witt v. Miller*, 845 S.W.2d 665, 667 (Mo.App. E.D.1993). To establish title by adverse possession, one must prove by a preponderance of the evidence that possession was: (1) hostile; (2) actual; (3) open and notorious; (4) exclusive; and, (5) continuous for a period of ten years. *Whiteside v. Rottger*, 913 S.W.2d 114, 120 (Mo.App. E.D.1995).

The trial court concluded plaintiffs proved each of the five elements necessary for an adverse possession claim for the entire disputed area. We will affirm the judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We accept as true all favorable evidence to the judgment and all reasonable inferences; all contrary evidence is disregarded. *Strubberg v. Roethemeyer*, 941 S.W.2d 557, 560 (Mo.App. E.D.1997).

The evidence supported a finding of plaintiffs' hostile claim. Hostile possession is an assertion of ownership contrary to that of others. *Witt*, 845 S.W.2d at 668. Hostility does not imply ill will or acrimony. *Whiteside*, 913 S.W.2d at 120. Plaintiffs occupied the disputed area with the intent to possess it as their own. In fact, they acted on the opinion of their grantors that the disputed area was part of their Lot 10. Even if an adverse possessor believes the land to be his own, the element of hostility may be satisfied. It is the intent to possess that controls, not the intent to take the property away from the true owner. *Witt*, 845 S.W.2d at 668.

The evidence supported findings of actual and open and notorious possession. Possession is actual depending on the nature and location of the property and the uses for

---

1. Plaintiffs obtained a survey in April 1996 to determine the location of the property line on the western side of Lot 10. The survey located the line between Lot 9 and Lot 10 that revealed a

problem. A second survey deter-mined the boundaries of the disputed area and was admitted into evidence as plaintiffs' Exhibit 5.

it. *Id.* The disputed area was located in a residential area of ten lots. It abutted plaintiffs' Lot 10 on the east. Mr. Pendley built a horseshoe pit, a metal shed with a concrete base, and placed hedges in the disputed area. He put grass seed in the same location and cut the grass back to the shed. His witnesses recalled grass cutting back to the shed, but no further than that. Plaintiffs maintained the improvements. They also extended their driveway and patio, put up a clothesline, doghouse, wishing well, and constructed a retaining wall all inside the boundaries of the hedges, horseshoe pit and shed. Plaintiffs used the area as if it was their own yard. This evidence supported a finding of actual possession of that area. The open and notorious element is satisfied by evidence of visible acts of ownership exercised over the premises. *Id.* Maintaining and improving the disputed area was sufficient to satisfy this element.

■ Plaintiffs provided evidence to support a finding of exclusive possession. Exclusive possession means the person holds the land for himself, and not for another. *Whiteside,* 913 S.W.2d at 121. Mr. Fauller claims he also used the disputed area and, his use defeats plaintiffs' claim of exclusive possession. However, sporadic uses by others will not defeat a claim of adverse possession. *Ortmeyer v. Bruemmer,* 680 S.W.2d 384, 393 (Mo.App.1984). The court was not required to accept defendants' testimony of their activities in the area, even if uncontroverted. *Dorner v. Wishon,* 809 S.W.2d 866, 868 (Mo.

App.1991). Evidence that Mr. Fauller played horseshoes and cut the grass in the disputed area did not foreclose a finding of plaintiffs' exclusive possession.

■ The evidence was sufficient to support a judgment of adverse possession for some, but not all of the disputed area. Plaintiffs offered no evidence that all of the disputed area was adversely possessed for a continuous period of ten years. There was no evidence to support a finding of ten years of adverse possession for the area south of the metal shed erected by plaintiffs. There was evidence that Mr. Pendley planted grass seed and cut the grass, but the evidence did not support a finding that this occurred before defendants moved onto Lot 9 in 1991. Thus, plaintiffs did not adversely possess the area south of the metal shed for a continuous period of ten years.

Accordingly, we affirm in part. We remand for an amended judgment that is supported by the evidence. The judgment should be limited to transfer to plaintiffs only the portion of the disputed area north of an east-west line three feet south of the metal shed and parallel to the south line of the shed as shown on the survey received in evidence, plaintiffs' Exhibit 5.

AHRENS, P.J. and CRANDALL, J., concur.

EXHIBIT 5